Pifer
v.
Ward.

Wednesday,
December 2.

---

### Pifer v. Ward and Another.

If a mechanic's lien accrue after the employer's marriage, and the employer die after the accruing of the lien, the right of dower of the employer's widow will be paramount to the lien.

It is essential to the validity of a mechanic's lien, that the party claiming it has filed in the recorder's office of the proper county, within sixty days after his debt became due, a notice of his intention to hold the lien.

If after such lien has accrued the employer die, a bill to enforce it may be filed against his heirs.

Wednesday,
December 2.

ERROR to the *Tippecanoe* Circuit Court.

Dewey, J.—This is a bill in equity to enforce a mechanic's lien. The bill states that the complainant, *Pifer*, was a carpenter and house-joiner; that he contracted with one *Robert Ward* to do certain repairs upon certain premises of *Ward's;* that he accordingly did the work, and that his bill amounted to 160 dollars, for which *Ward* was indebted to him; that, within sixty days from the time the debt was payable, he filed in the recorder's office, to be recorded, a written notice of his intention to hold a lien, for the sum due him, on the premises repaired, and the ground on which they were situated; that after the complainant's debt became payable, *Ward* died intestate, leaving a widow and one child, a daughter (who are the defendants to the bill); that the widow is a lunatic, and the daughter an infant. The prayer of the bill is for the sale of the premises. Process having been served upon the defendants, a guardian *ad litem* was appointed for them, who answered the bill, requiring proof of the matters therein stated, and praying the Court to protect the rights of the defendants. The cause was submitted upon bill, answer, depositions, and exhibits. The complainant proved the work done by him as alleged in the bill; but there was no proof

that he filed notice of his intention of holding a lien in the recorder's office. The Court dismissed the bill.

This decision is right. The wife of *Ward*, the employer of the complainant, was improperly made a party to the bill. She had no interest whatever in the matter. Her right of dower was not affected by the lien of the complainant, if he had any, as the lien did not accrue until after her marriage with *Ward*. Her right of dower was paramount to the lien. But if this matter were otherwise, still the proof did not justify a decree against her or the other defendant. Under the answer filed in this cause, it was incumbent on the complainant to prove the allegations of his bill to entitle him to a decree. One of the allegations was, that he filed in the recorder's office a written notice of his intention to hold a lien on the building repaired, within sixty days after his debt became due. This was necessary, to give validity to the lien, by the statute which governs this cause. R. S. 1838, p. 413. But there was no proof adduced, so far as the record shows, that the notice was filed. The omission was fatal to the claim of the complainant against either of the defendants.

The question has been raised, whether a bill will lie against the heirs of a deceased person to enforce a mechanic's lien which accrued against him in his lifetime? The statute expressly gives a lien to mechanics for work, &c., upon the building constructed or repaired; and authorizes a bill to be brought within one year from the time of the completion of the work to enforce the lien, the proper notice having been given. R. S. 1838, pp. 412, 413. It is true, that a part of the language of the statute, taken literally, seems to contemplate that the bill is to be brought against the "employer" himself; and there is no express provision for any other defendant. But as the lien attaches to the realty, and the proceedings to enforce it are *in rem*, and as the remedy would be very inadequate if the death of the employer defeated it, we think that the equity of the statute is that the lien survives, and binds the property in the hands of the heirs of the employer, and that consequently a bill will lie against them.

*Per Curiam.*—The decree is affirmed with costs.

*R. A. Chandler*, for the plaintiff.