BISHOP *v.* BOYLE.

The widow's right of dower extends to and includes a house erected on lands of her husband; and her claim is superior to a mechanic's lien for which the property was sold under a decree against the husband to enforce the lien.

APPEAL from the *Knox* Circuit Court.

*Friday,*
*May 29.*

GOOKINS, J.—Complaint by Mrs. *Boyle*, for dower in a lot in *Vincennes*, of which her husband, deceased, was seized during their marriage, and which the complaint alleged the defendant *Bishop* had purchased at a sheriff's sale on an execution against the husband.

The defendant alleged that while the lot was unimproved, he was employed by *Boyle* as a carpenter, with one *Wilkinson*, a mason, to erect a dwelling-house thereon; that they built the house, and perfected mechanics' liens thereon; that he enforced his lien by a bill in chancery against *Boyle* and *Wilkinson*, which resulted in a decree establishing the liens, an execution, sheriff's sale of the house and *Boyle's* interest in the lot, and purchase by the defendant.

The question raised in the Circuit Court by a demurrer to the answer, and by exceptions on the trial, was, whether Mrs. *Boyle* was entitled to dower in the whole property, or only in the lot unimproved. The Circuit Court gave her dower in the whole property as it stood when *Bishop* filed his bill to enforce the lien. *Bishop* excepted, and to reverse that decision prosecutes this appeal.

The case is governed by the statutes in force prior to the present code. The R. S. 1843, p. 776, give carpenters, masons, and others performing labor or furnishing materials, a lien upon such buildings as they may have constructed or repaired, to the extent of the value of the labor done or materials furnished, to be enforced by a bill in chancery. On decreeing for the plaintiff, the Court is to direct the building, with the interest of the employer in the lot, to be sold. See ss. 1 to 12.

The statute giving dower provides, that a widow shall

be endowed, subject to the provisions and restrictions of law, of one full and equal third part of all the lands the legal title to which was in her husband during the marriage, and in those in which he held at his death an equitable interest, unless her right shall have been legally barred. R. S. 1843, p. 428, s. 80.—*Id.* 430, s. 95.

These two statutes took effect simultaneously, and no question arises as to vesting or divesting previous rights. It is simply a question of construction. Considering both together, what is their import?

It is by no means easy so to construe both these statutes as to give them the effect the legislature seems to have intended. On behalf of the mechanic, it is readily suggested that the labor bestowed and materials furnished in the erection of expensive buildings upon ground of small value, may give dower to the wife of the owner in the avails of his labor and expenditures, unless her claim is limited to the ground unimproved; and the equity of the mechanic's lien is supported, so far as the analogy goes, by those cases which hold the wife not entitled, in estimating the value of her dower, to take into consideration improvements made upon the husband's lands after he has parted with the title by a conveyance in which she may not have joined. On the other hand, inasmuch as a lien may be created under the statute for any sum exceeding 30 dollars, either for new buildings or repairs, a valuable property held by the husband, and paid for in full, and in which the wife had a contingent right of dower to the whole value, which could only be defeated by a conveyance in which she may have joined, might be subjected to sale for a small lien, the overplus after satisfying it being paid to the husband, and thus placed forever beyond her reach.

Other considerations might be mentioned upon both sides, showing the difficulty involved in the construction of these two statutes; each of which, taken separately, has a clear and easily understood intention, but both enacted evidently without considering their bearing upon each other—one giving the mechanic a lien to the extent of the work done or materials furnished, which may in-

clude nearly all the property—the other giving the wife dower in all her husband's real estate unless her right has been barred by her conveyance, which may likewise include nearly all the property, in any event.

May Term, 1857.

BISHOP
v.
BOYLE.

This difficulty must be solved by the application of general principles. A house erected upon land by the owner, is real estate. The wife's dower is a favorite of the law, not resting in contract, but resulting from the marriage relation. *Noel* v. *Ewing*, at the present term (1). Her's is the elder lien. The mechanic bestows his labor with a knowledge of her prior right in the real estate, and he knows the house he is building, as brick is added to brick, and nail after nail is driven, becomes real estate. He can protect himself by security, or not venture. She is passive, and can do nothing. It is for this reason that she is declared to be a favorite of the law.

In *Pifer* v. *Ward*, 8 Blackf. 252, the point in issue was ruled in favor of the wife, although it was not necessary to the decision of that case. *Shaffer* v. *Weed*, 3 Gilm. (Ill.) 513, is an authority directly in point for the case at bar. So far as the hardship is concerned, the case is not different from any other in which the mechanic's lien has been held subject to a prior incumbrance, and yet it was held to be subject in the cases of *Close* v. *Hunt*, 8 Blackf. 254, and *Troth* v. *Hunt*, id. 580. According to those cases, there could have been no severance of the building from the land, for the purpose of returning to the mechanic the avails of his labor, before satisfying the prior incumbrances.

Upon the whole case we have arrived at the conclusion that the judgment of the Circuit Court must be affirmed.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*S. Judah*, for the appellant.

*B. M. Thomas*, for the appellee.

(1) *Ante*, 37.

(2) Counsel for the appellee cited 3 Gilm. (Ill.) 513; Parke on Dower, 238, 239; Reading on Uses, 37; *Church* v. *Bull*, 2 Denio, 430; 8 Blackf. 252; *Hall* v. *James*, 6 Johns. Ch. 258; Co. Lit. 32 a.