## BUSENBARK v. THE ETCHISON DITCHING ASSOCIATION.

DITCHES AND DRAINS.—*Enforcing Lien of Assessment.—Complaint.—Copy.*
—In an action to enforce the lien of an assessment made against a tract of land for ditching purposes, the complaint must, to be sufficient, set out the original assessment, or a copy thereof.

From the Madison Circuit Court.

*D. Moss*, for appellant.

PERKINS, J.—Suit to enforce the lien of a ditching assessment. Demurrer to the complaint because it did not contain a cause of action. Demurrer overruled, and exception entered.

Decree enforcing the lien upon real estate and for the sale of the same.

The overruling of the demurrer to the complaint is assigned for error in this court. Neither the assessment nor a copy thereof was filed with the complaint.

The assessment was the foundation of the action. *Gossett* v. *Tolen,* 61 Ind. 388. And, however, it might have been had the suit been for the recovery simply of a personal judgment, it has been decided that where the suit is to enforce the lien of the assessment upon real estate, a copy of the assessment or the original must be filed with the complaint. Such a suit is *in rem,* is against the property, *Pifer* v. *Ward,* 8 Blackf. 252 ; and should, we think, contain a copy of the cause of action against the property, if it exists in writing.` Such a suit is in the nature of a bill in equity, prior to the code, to enforce liens. Accompanying such bill, were exhibits showing the grounds on which the bill was filed. In *Pifer* v. *Ward, supra,* which was a bill to enforce a mechanic's lien, the cause was submitted to the court on the bill and exhibits.

In *Ainsworth* v. *Atkinson,* 14 Ind. 538, it is said, that " a suit to enforce a lien upon real estate is in the nature of a suit to foreclose a mortgage, a proceeding in chancery under the former practice," etc.

In *West* v. *The Bullskin, etc., Ditching Co.,* 19 Ind. 458, the complaint did not contain a copy of the assessment. In the opinion it is said : " The complaint was demurred to, because it did not contain facts sufficient to constitute a cause of action. The demurrer was overruled. We think it should have been sustained. The complaint was bad.

" The assessment is like the declaration of intention by a mechanic to create a lien ; it is in the nature of a mortgage, and must be made the foundation of the suit to enforce the lien."

This case has never been overruled, but has been frequently cited. It was followed in *Alkire* v. *The Timmons Ditching Co.,* 51 Ind. 71, and in *Alspaugh* v. *The Ben Franklin Draining Ass'n,* 51 Ind. 271. See *Excelsior Draining Co.* v. *Brown,* 38 Ind. 384, and *Etchison Ditching Ass'n* v. *Hillis,* 40 Ind. 408.

We think the decision in *West* v. *The Bullskin, etc., Ditching Co.*, *supra*, is correct, and should be adhered to. See *Barker* v. *Buell*, 35 Ind. 297 ; *The City of Crawfordsville* v. *Brundage*, 57 Ind. 262 ; *Peck* v. *Hensley*, 21 Ind. 344.

A distinction is made between written instruments constituting the foundations of actions. A portion of them must be filed with the complaint ; the others need not be. *Scott* v. *Zartman*, 61 Ind. 328. This distinction is recognized in *Gossett* v. *Tolen*, 61 Ind. 388, and in *The School Town of Princeton* v. *Gebhart*, 61 Ind. 187. The latter is a case under the mechanic's lien law. We think the recorded notice, recorded to acquire a lien on real estate, or a copy thereof, should be filed with the complaint to enforce such lien.

The judgment is reversed, with costs, and the cause remanded, etc. '