### JOSEPH L. SMITH, ET AL V. CLARKSON T. MOORE.

1. *Sale of Mortgaged Premises under Execution.*—Where, under a judgment, mortgaged lands are levied on and sold, the purchaser acquires only the right of the mortgagor, and hence takes the land, if unredeemed, subject to the prior lien of the mortgage.

2. *Parties in Subsequent Suit for Foreclosure.*—And on subsequent suit for foreclosure, such purchaser is a necessary party.

3. *Effect of Sale under Foreclosure Decree.*—A sale under the decree of foreclosure, and a deed by the sheriff, upon the non-redemption of the land sold, will pass the title to a purchaser freed from the lien of any portion of the mortgage debt.

4. *Effect of Redemption by the Purchaser at the First Sale.*—Where the purchaser at the first execution sale redeems from the second, or foreclosure sale, the redemption only has the effect of protecting his own title to the interest he acquired by his purchase, and cannot free the land so redeemed from the lien of the mortgage. In such a case, the mortgaged property will remain a security for the unpaid balance of the mortgage debt and costs, and the judgment creditor may enforce the collection thereof, by suing out an *alias* order of sale on his judgment of foreclosure and by causing a re-sale by the sheriff of the mortgaged premises as often as there may be a redemption of and from the previous sale thereof, in the mode and within the time prescribed by law for such redemption, and until the mortgage debt, interest and costs have been fully paid.

Filed May 26, 1881.

Appeal from Wayne Superior Court.

Opinion of the court by Mr. Chief Justice Howk.

This was a suit by the appellee, against the appellants, to enjoin the sale by the appellant, Smith, as the sheriff of Wayne county, of certain real estate, particularly described, in said county. After the cause had been put at issue, it was submitted to the court for trial,

upon an agreed statement of facts; upon which a finding was made for the appellee, and judgment was rendered thereon, perpetually enjoining the appellants, and each of them, in accordance with the prayer of the appellee's complaint. The appellants' motion for a new trial having been overruled, and their exception saved to this ruling, they appealed from the judgment rendered to this court, and, by proper assignments of errors here, have called in question the several decisions of the trial court adverse to them, upon which they asked for the reversal of the judgment.

It would seem, from the record of this cause, that, after the issues had been joined therein, the parties had submitted "the matter of controversy between them" to the court below, upon an agreed statement of facts, made out and signed by them; and that by an affidavit then filed, it was shown to the court, "that the controversy was real, and the proceedings in good faith to determine the rights of the parties," in conformity with the provision, of section 386 of the code, 2 R. S., 1876, p. 190. Upon this agreed statement of facts, the court decided in favor of the appellee; to which decision of the court the appellants at the time excepted. On the overruling of their motion for a new trial, the appellants excepted to that decision, and filed their bill of exceptions, in which the agreed statement of facts was set out at length, as "all the evidence given in the cause." So that the case comes before this court for decision, both as "an agreed case" and as an ordinary appeal.

As necessary to the proper presentation of the question for our decision in this case, and to a clear understanding of the point decided, we will first give a summary of the "agreed statement of facts," as follows:

It was agreed that on the 20th day of January, 1874, Joseph Conner was the owner in fee simple of the real estate described in the complaint, and that, on that day, the said Joseph and Nancy Conner, his wife, executed a mortgage, conveying the said real estate to the appellant, Benjamin Harris, to secure the payment of a promissory note for $563, dated January 19, 1874, executed by said Joseph Conner, and payable one year after date, to said Benjamin Harris, which said mortgage was duly recorded in the recorder's office of said Wayne county, on the 7th day of February,

2

1874 ; that, on March 17, 1875, in the Wayne Circuit Court, Lydia and Joseph B. Bennett recovered a judgment against the said Joseph Conner, and another, for the sum of $667.35, which judgment became a lien on said real estate, from the date of its rendition ; that by virtue of an execution, issued on said judgment, the sheriff of Wayne county levied upon, advertised and sold, according to law, the said real estate, to the said Lydia Bennett, for the sum of one dollar, that being the highest and best bid made therefor, and the said sum of one dollar having been paid, the said sheriff executed to said Lydia Bennett a certificate of such sale, which said certificate the said Lydia assigned in writing and transferred to the appellee, Clarkson T. Moore ; that the said real estate not having been redeemed from such sale, the said sheriff afterwards, on the 2d day of October, 1876, executed to the appellee, Moore, as the assignee and holder of said certificate of sale, a sheriff's deed of said real estate ; and that the appellee claimed to own and hold said real estate in fee simple, solely by virtue of the said sheriff's sale thereof, the assignment to him by said Lydia Bennett of said certificate of sale, and the said sheriff's deed to him of said real estate.

It was further agreed that on March 18, 1877, the appellant, Benjamin Harris, commenced an action, in the Wayne Superior Court, against the said Joseph and Nancy Conner, and the appellee, Moore, on his said note and mortgage ; in which action the appellee, Moore, was made a defendant, for the reason that he then claimed to own said real estate, in fee simple, by virtue of said sheriff's deed thereof to him, and it was alleged in the complaint therein that said Moore held said sheriff's deed for said real estate ; that such proceedings were had in said action, as that, on the 19th day of June, 1877, in said Wayne Superior Court, the appellant, Harris, recovered a personal judgment against the said Joseph Conner, on his said note, for the sum of $814.35, and a judgment against the said Joseph and Nancy Conner, and the appellee Moore, for the foreclosure of said mortgage and the sale of the mortgaged real estate to satisfy said judgment of $814.35 ; that on the 9th day of July, 1877, an order of sale duly certified was issued on said judgment to the sheriff of Wayne county, and by virtue thereof, after having advertised the time and place of sale according to law, the said sheriff, on the 4th day of August, 1877, offered and sold the

said real estate to the appellant, Harris, for the sum of one dollar, that being the highest and best bid made therefor; that the said sum of one dollar having been paid, the said sheriff executed to said Harris a certificate of said sale, and afterwards, on August 6, 1877, returned said order of sale, endorsed, "No other property found in my bailiwick, subject to execution;" that, on August 13, 1877, the appellee, Moore, for the purpose and with the intention of redeeming said real estate from said sheriff's sale thereof to said Benjamin Harris, paid into the clerk's office of said court, for the use of said Harris, one dollar and five cents, being the purchase-money and interest thereon at the rate of ten per cent per annum, and the appellee claimed that he had thereby redeemed said real estate from the said sheriff's sale thereof to said Harris; and that, on the 20th day of September, 1877, the appellant, Benjamin Harris, had sued out of said superior court an *alias* order of sale, duly certified, on his said judgment of foreclosure, etc., directed to the sheriff of Wayne county, who, under the directions of said Harris, would advertise and sell the said real estate to satisfy the said judgment against said Joseph Conner, if he should not be enjoined from so doing, as prayed for in appellee's complaint.

It was further agreed, that the said real estate then was, and for two years past had been, worth the sum of $500, and no more; and that the only right, title or interest, which the appellee, Clarkson T. Moore, then or ever had in and to said real estate, was that derived by him under and by virtue of the said sheriff's sale thereof to said Lydia Bennett, and of her assignment to him of her certificate of sale, and of the sheriff's deed to him, as the assignee and holder of such certificate.

Upon the foregoing agreed facts, the appellee claimed, and the court, in effect, decided, that the appellant, Benjamin Harris, after the redemption of the real estate from the first sale thereof under his judgment, had no right to have such real estate resold to satisfy the unpaid balance of his judgment; and that the appellee was the owner in fee and entitled to hold and have possession of said real estate, under and by virtue of the said sheriff's deed thereof to him, entirely divested of the lien thereon of the said judgment and decree of foreclosure in favor of the appellant, Harris, on his note and mortgage.

We are of the opinion that the court clearly erred in its finding, decision and judgment, on the agreed statement of facts in this case. It will be seen from the agreed facts, that the mortgage to the appellant, Harris, on the real estate described in the complaint, was dated January 20, 1874, and was duly recorded in the proper recorder's office; while the judgment against Joseph Conner, under which the appellee, Moore, acquired "the only right, title or interest" which he "ever had in and to said real estate," was rendered and became a lien on said real estate, on March 17, 1875, or more than one year after the lien of said mortgage attached thereon. When, therefore, an execution was issued on said judgment against the said Joseph Conner, and in favor of the said Lydia and Joseph B. Bennett, and the sheriff of Wayne county, by virtue of said execution, levied upon and sold the said real estate, and, upon the non-redemption thereof, subsequently conveyed the same to appellee, Moore, as the assignee of the purchaser at such sale, it is certain, we think, that the appellee took such real estate, subject to the prior mortgage thereon in favor of the appellant, Harris. In other words, under the said sheriff's deed to him, the appellee, Moore, acquired only the title, interest and estate, which the said Joseph Conner had in said real estate at the time of the rendition of the Bennett's judgment, and subject, of course, to the prior lien thereon of the mortgage owned and held by the appellant, Benjamin Harris.

In the subsequent suit for the foreclosure of said mortgage, the appellee, Moore, as the owner and holder of the mortgaged premises, under his sheriff's deed thereof, was a proper and necessary party-defendant, and was made such accordingly. When the judgment was rendered in said suit against the said Moore and his co-defendants therein, it was adjudged and decreed against all the defendants, Moore included, that the mortgaged premises be sold as other lands were sold on execution, to satisfy the mortgage-debt and costs. Of course, any sale of the real estate, under this judgment and decree, if subsequently perfected by the execution of a sheriff's deed, upon the non-redemption of the premises from such sale, would have freed and divested the real estate of and from the lien thereon of the mortgage-debt, or of any part or portion thereof. But the sale of said real estate to the appellant, Benjamin Harris, under said judgment and decree of foreclosure, for the

sum of one dollar, was never perfected by the execution of a sheriff's deed to the purchaser, or his assignee ; on the contrary, as the agreed facts show, the said real estate was redeemed from the said sheriff's sale thereof, to the appellant, Harris, by the appellee, Moore, in the manner and within the time prescribed by law for such redemption.

It is certain, we think, that the appellee, Moore, did not and could not, under and by force of his redemption of said real estate, from the sheriff's sale thereof to the appellant, Harris, acquire any different or better title thereto, than the one previously acquired and held by said appellee, under his deed from the sheriff of said county. Nor did, nor could, the appellee's redemption of said real estate from the sale thereof to the appellant, Harris, operate under the law to free such real estate from, or to divest it of, the lien of Harris' mortgage thereon, as a security for the unpaid balance of the mortgage debt. In the recent case of *Teal* v. *Hinchman*, 69 Ind. 379, the precise question presented in this case was carefully considered and decided. In the case cited, it was insisted, as in the case now before us, that, by reason of the sale by the sheriff, of the mortgaged property under the judgment of foreclosure, "the mortgage and the decree thereon became *functus officio*," and the mortgaged premises would be and were, by force of such sale, discharged from, and divested of, the lien of the mortgage and of the judgment of foreclosure. In considering the point thus made, in the case cited, the court said:

"If the mortgaged property had not been redeemed from the sheriff's sale thereof, under said judgment of foreclosure, in the manner and within the time allowed by the statute, and if, accordingly, by reason of such non-redemption, such sheriff's sale had been fully confirmed and consummated, according to law, by the execution and delivery to the purchaser of a proper sheriff's deed of such mortgage property, then, it would seem to us that the mortgaged premises had thereby become divested and entirely freed from the lien of the mortgage and of the judgment of foreclosure. But it was alleged by the appellees, in their complaint, and conceded to be true by the appellants' demurrers" (in the case at bar, it was an agreed fact), "that the mortgaged premises were duly redeemed, according to law, from the said sheriff's sale thereof, before the

commencement of this suit. The effect of such redemption was to vacate and set aside the said sheriff's sale of the mortgaged property, and thereafter both the mortgage and the judgment of foreclosure stood precisely as they would have done, so far as the property was concerned, if no sale thereof by the sheriff had ever been made."

We can see no good reason for changing or modifying the views thus expressed in the case cited, and they seem to us to be decisive of the question presented by the agreed statement of facts in this case. In such a case the mortgaged property will remain a security for the unpaid balance of the mortgage-debt and costs, and the judgment-creditor may enforce the collection thereof, by suing out an *alias* order of sale on his judgment of foreclosure, and by causing a re-sale by the sheriff of the mortgaged premises, as often as there may be a redemption of and from the previous sale thereof, in the mode and within the time prescribed by law for such redemption, and until the mortgage-debt, interest and costs have been fully paid and satisfied.

Upon the case made by the agreed statement of facts, we are of the opinion that the finding, decision and judgment of the trial court, in favor of the appellee and against the appellants, were unauthorized by law and erroneous. No case is made by the record which entitles the appellee to an injunction, or to any other relief, against the appellants, or either of them.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to find for the appellants, the defendants below, upon the agreed statement of facts, and to render judgment accordingly.

Benjamin F. Harris and Thomas J. Study, for appellant.

John L. Rupe, for appellee.