Mark *v.* Murphy *et al.*

———

No. 7883.

MARK *v.* MURPHY ET AL.

MORTGAGE.—*Foreclosure.*—*Parties.*—*Joinder of Causes of Action.*—*Pleading.*—*Demurrer.*—In a suit to foreclose a mortgage on real estate, the grantee of the mortgaged premises, by deed from the mortgagors subsequent to their execution of the mortgage, is a proper and necessary defendant, and, as such, is properly joined with the mortgagors as defendants; and his separate demurrer to the mortgagee's complaint, for the alleged want of facts, presents no question in regard to the alleged misjoinder either of causes of action or of parties.

PLEADING.—*Answer.*—An answer, purporting to be in bar of the entire cause of action, but answering only a part, is bad on demurrer.

SAME.—*Cross Complaint.*—*Prayer for Relief.*—A cross complaint, which states a cause of action in favor of the defendant, is not insufficient on demurrer for want of facts, merely because it demands more relief than the defendant is entitled to.

MECHANIC'S LIEN.—*Mortgage.*—*Priority.*—Under section 650 of the civil code of 1852, as amended by the act of March 11th, 1867, the lien of mechanics or other persons for work done or materials furnished in the erection or repair of a building relates back to the time when the mechanic or other person began to work thereon, or to furnish materials therefor, and takes priority over all intervening mortgage or judgment liens.

SAME.—*Wife's Inchoate Interest in Husband's Real Estate.*—A wife's inchoate interest is not a lien upon, but is an estate in, the real estate

Mark *v.* Murphy *et al.*

of her husband; and the liens of mechanics or other persons are not entitled to priority over the inchoate interest of the wife in her husband's real estate.

SAME.—*Mortgage.*—A wife, her husband joining with her, may mortgage her inchoate interest in her husband's real estate to secure his debt, and such mortgage will have priority, as to such inchoate interest, over the liens of mechanics or other persons for the erection or repairs of buildings on such real estate, at the husband's request.

PLEADING.—*Practice.*—*Prayer for Relief.*—A bad prayer for relief, or a prayer for improper relief, will not vitiate a pleading otherwise sufficient, and a demurrer to a pleading, for the want of facts, will not reach objections to its prayer for relief.

From the Grant Circuit Court.

*G. W. Harvey, G. T. B. Carr, J. U. Pettit* and *A. Taylor,* for appellant.

*A. Steele* and *R. T. St. John,* for appellees.

HOWK, J.—This was a suit by the appellee Clement Murphy, as sole plaintiff, against Miles E. Murphy, Laura Murphy, and the appellant, David Mark, as defendants. The object of the suit was to foreclose a certain mortgage, alleged to have been executed by the defendants Miles E. and Laura Murphy, on the 27th day of December, 1876, to said Clement Murphy, on certain described real estate in the town of Marion, in Grant county, to secure the payment of the note of said Miles E., for the sum of two thousand dollars, dated December 25th, 1876, and payable one year after date to said mortgagee. It was alleged in the complaint, among other things, that the note in suit was due and unpaid; that the mortgage was duly recorded on the day of its date, in the recorder's office of said Grant county; and that, after the execution of said note and mortgage, the said mortgagors had conveyed the said real estate to the appellant, Mark, who then claimed to be the owner thereof, and was therefore made a defendant to the action.

The defendants Miles E. and Laura Murphy were duly defaulted, and the cause having been put at issue as to the

appellant, Mark, was tried by the court, and a finding was made in favor of the appellee Clement Murphy, against said Miles E. Murphy, for the amount due on the note, and against all the defendants, for the foreclosure of the mortgage, as to the undivided one-third part of the mortgaged premises. The court rendered judgment in accordance with its finding, and from this judgment the defendant David Mark alone has appealed to this court, and has here assigned a large number of supposed errors. Without setting out these errors at length, we will consider and decide the questions presented thereby, and discussed by the appellant's learned counsel, in their elaborate brief of this cause.

It is first claimed that the court erred in overruling the appellant's demurrer to the complaint. The language of this demurrer is somewhat obscure, but we suppose that the appellant intended thereby to object to the complaint, upon the ground that it did not state facts sufficient to constitute a cause of action. The demurrer reads as follows: "Defendant Mark demurs to all and singular the matters of complaint, and says that all and singular are not good and sufficient in law for plaintiff to have and maintain this action." If this demurrer was not intended by appellant to call in question the sufficiency of the facts stated in the complaint to constitute a cause of action, which, perhaps, may be doubted, it is certain, we think, that the demurrer does not present any of the other statutory grounds of objection to the complaint. In argument the appellant's counsel insist, that the complaint was bad on the demurrer thereto, because it contained "a wrong joinder of different actions between different parties, in the same suit." The demurrer filed would not have reached this objection to the complaint, if it had in fact existed. But there was no misjoinder in the complaint, in this case, either of causes of action or of parties to the suit. The appellant, as the owner of the mortgaged premises, under a deed from the mort-

gagors after their execution of the mortgage sued upon, was a proper and necessary defendant in this suit for foreclosure; and the facts stated in the complaint, in this case, were amply sufficient to withstand his demurrer thereto, for any of the statutory causes of demurrer. *Teal* v. *Hinchman,* 69 Ind. 379; *Smith* v. *Moore,* 73 Ind. 388. The appellant's demurrer to the complaint was correctly overruled.

The appellant answered in eight paragraphs, to each of the last five of which paragraphs the demurrer of the appellee Clement Murphy, for the alleged insufficiency of the facts therein to constitute a defence to his action, was sustained by the court, and to each of these rulings the appellant excepted. Each of these rulings has been assigned by the appellant, and is relied upon by his counsel, as error sufficient to reverse the judgment below. But his counsel concede, in their brief of this cause, that "the substantial questions arise on paragraphs four and five" of the answer; and therefore we will first consider and decide the question, as to the sufficiency of the facts stated in each of these paragraphs four and five, to constitute a defence to this action.

In the fourth paragraph of his answer, the appellant admitted substantially the execution of the note and mortgage in suit, and the record of such mortgage, as alleged in the complaint, but he averred that the note and mortgage had never been assigned or transferred, and were still held by the plaintiff, as the payee of the note; that the defendant, Miles E. Murphy, had been the owner in his own right of the mortgaged premises, his wife Laura having no right therein except such as she might have from her relations as wife, from January 1st, 1876, until the conveyances thereof, hereinafter mentioned, were made to the appellant; that on March 1st, 1876, the said Miles E. Murphy, being the sole owner of said premises, employed one George W. Thornburg to furnish material and perform work, in and for the erection and construction of a house on said real estate, and

that, for the material so furnished and the work so done by said Thornburg for said house, there had accrued to him, before the 16th day of June, 1876, an unpaid account against the said Miles E. Murphy amounting to the sum of $383.38, and the said Thornburg, on said last named day, to secure the payment of said sum of money, filed and caused to be recorded, in the recorder's office of said county, notice of his intention to hold a lien on said premises for the amount of said unpaid account; that afterwards, on the 6th day of September, 1876, in the court below, in a suit for that purpose then and there pending, the said Thornburg recovered a judgment against the said Miles E. Murphy for the amount of said account and costs, and for the foreclosure of his said lien and the sale of said premises to satisfy his judgment and costs; that by the employment of said Miles E. Murphy, Fielding McKinney and Peter G. Eshelman furnished material and performed work, in and for the erection of said house on said mortgaged premises, to the amount of $309.42, and on the 16th day of June, 1876, they filed and caused to be recorded, in the recorder's office of said county, notice of their intention to hold a lien on said premises for the amount of their said account; that afterwards, on the 6th day of September, 1876, in the court below, in their suit for that purpose then and there pending, the said McKinney and Eshelman recovered a judgment against the said Miles E. Murphy for the amount of their claim and costs, and for the foreclosure of their said lien and the sale of said premises to satisfy their judgment and costs; that the said Thornburg afterwards caused an execution to be issued on his said judgment to the sheriff of said county, who by virtue thereof, after proper notice, sold the said premises, on the — day of ————, for the sum of $452,84, to the said Thornburg, and delivered to him a certificate of such sale, which certificate he, the said Thornburg, afterwards, on the— day of ————, assigned to the appellant, David Mark, to

whom as the assignee and holder of said certificate, the sheriff of said county afterwards, on the 24th day of June, 1878, executed and delivered his deed of conveyance of said premises, in fee simple ; that the said McKinney and Eshelman had also caused an execution to be issued upon their said judgment and delivered to the sheriff of said county, who by virtue thereof, after having given proper notice of the sale, on the 17th day of February, 1877, sold the said premises to said McKinney and Eshelman, for the sum of $343.89, and delivered to them a certificate of such sale, which certificate they afterwards, on the — day of ———, assigned to the appellant, Mark, to whom, as the assignee and holder of said certificate, the sheriff of said county, on the 19th day of February, 1878, made and delivered his deed of said premises ; and that both said deeds were executed to the appellant by the sheriff of said county, after the expiration of the year allowed by law for the redemption of said premises from the said sales thereof.   And the appellant further averred, that on the — day of March, 1878, the defendant Miles E. Murphy, and his co-defendant, Laura Murphy, then and since his wife, for the consideration of $1,400 then paid to said Laura Murphy by the appellant, conveyed the said premises to him, the appellant, by their quit-claim deed.   The appellant also alleged, that certain named persons, in September and November, 1876, in the court below, had recovered judgments against said Miles E. Murphy for certain large sums of money, and that these judgments were in full force and unpaid ; but these allegations seem to us to have no connection with the appellant's defence in this action, and therefore we need not, and do not, set them out in this opinion.

Of the fifth paragraph, the appellant's counsel say : "The fifth paragraph is a cross complaint by Mark, setting up substantially the matters of the fourth paragraph, but demanding affirmative relief."   This cross complaint concluded as

follows: "Wherefore the defendant Mark alleges that said plaintiff, Clement Murphy, has no right or interest in said premises, but that the whole right or interest is in the defendant Mark; but that the apparent right now subsisting, as plaintiff avers, by reason of said mortgage, is a cloud on his title, and in equity he is entitled, by decree, to have the same declared and removed, for which in and by this, his cross complaint, he now prays, and for all other proper relief."

We are of the opinion that the court committed no error in sustaining the demurrer of the appellee Clement Murphy, for the want of sufficient facts, to the fourth paragraph of the appellant's answer. It will be observed that the fourth paragraph of answer was pleaded in bar of the plaintiff's entire cause of action, while the facts alleged in said paragraph showed a title in the appellant to only the undivided two-thirds of the mortgaged premises, superior to the mortgage in suit, and at the same time showed that the inchoate interest or title of the defendant Laura Murphy, in or to the undivided one-third part of the premises, had become absolute and vested in her on the 19th day of February, 1878, upon the execution of the first sheriff's deed of the premises to the appellant, but subject, of course, to the lien of the plaintiff's mortgage thereon, in the execution of which she had joined with her husband, Miles E. Murphy, on the 27th day of December, 1876. The fourth paragraph of answer showed very clearly, as it seems to us, that the appellant never had any title to, or interest in, the said undivided one-third part of said mortgaged premises, until the said Laura and Miles E. Murphy, on the —— day of March, 1878, and long after the execution and record of the plaintiff's mortgage, conveyed the premises to the appellant by their quit-claim deed. Laura Murphy took her title to and interest in the premises under the law, free from all the demands of the general creditors of her husband, Miles E. Murphy,

whether reduced to judgment or not, but not free, as we construe the statute on the subject, from the prior conveyance thereof by the mortgage to the plaintiff, executed by her and her husband in due form of law. *Jackman* v. *Nowling*, 69 Ind. 188. The appellant, as the grantee of said Laura Murphy, under said quitclaim deed, took her title to and interest in the premises, just as she held the same, subject, of course, to the prior mortgage thereof, executed by her and her husband to the plaintiff, in due form of law.

It follows from what we have said, that the fourth paragraph of answer did not state facts sufficient to constitute a bar to the plaintiff's right to foreclose his mortgage against the appellant, as to the undivided one-third part of the mortgaged premises ; and the paragraph did not impeach in any manner the note in suit, nor state any facts which can be regarded as a defence to the note, or which would prevent the plaintiff's recovery of a judgment for the amount due thereon. The fourth paragraph of answer was therefore bad, on the demurrer thereto ; for it is well settled by the decisions of this court, that, under the code, each paragraph of answer must fully answer the entire complaint, or so much thereof as it purports to answer, or it must be held bad on a demurrer thereto for the want of sufficient facts. *Smith* v. *Little*, 67 Ind. 549 ; *Frazee* v. *Frazee*, 70 Ind. 411 ; *Thompson* v. *Toohey*, 71 Ind. 296 ; *Lash* v. *Rendell*, 72 Ind. 475.

The facts alleged in the fifth paragraph or cross complaint, of the appellant, were sufficient to withstand the plaintiff's demurrer thereto. The concluding allegation of the cross complaint, which we have quoted above, was not the allegation of a fact or facts, as is apparent from its phraseology ; but it was the pleader's conclusion, drawn from the facts previously pleaded. Those facts were, as the appellant's counsel concede, substantially the same as the facts stated in the fourth paragraph of answer, and set

out in this opinion ; and they certainly did not warrant or justify the pleader's conclusion therefrom, that the mortgage in suit was a mere cloud on the appellant's title to the whole of the mortgaged premises, which ought in equity to be declared as such and removed therefrom, by the decree of the court.   On the contrary, the facts alleged, as we have already said, showed very clearly to our minds that the mortgage was a valid and subsisting lien, as against the appellant, on the undivided one-third part of the mortgaged premises.   The facts stated in the fifth paragraph of cross complaint were sufficient to show that the plaintiff's mortgage was a cloud on the appellant's title to the two-thirds part of the mortgaged premises ; and therefore the demurrer thereto, we think, ought to have been overruled.   The fact, that the appellant demanded more relief than he was entitled to, ought not to defeat his right to recover any relief.   The facts stated in his cross complaint were sufficient to show that the mortgage in suit was a cloud upon the appellant's title to two-thirds of the premises, and, that far forth, they showed that he was entitled to the relief prayed for.

Before passing from the consideration of the fourth paragraph of answer, and the cross complaint of the appellant, we ought perhaps to briefly notice another point, made and elaborately argued by his counsel, in discussing the alleged sufficiency of those pleadings.   The point is this, as we understand it, that, under the provisions of section 650 of the code, as amended by the act of March 11th, 1867, the appellant's title to the mortgaged premises, under the sheriff's deeds thereof to him, described in said pleadings, became and was superior to any inchoate interest of the said Laura Murphy therein, and to the mortgage of such interest executed by her and her husband to the plaintiff, Clement Murphy.   This section 650, as amended, provides that the mechanics' liens, therein mentioned, ''shall relate to the time when the work upon said building or repairs began, and to

the time when the person furnishing materials began to furnish the same, and shall have priority over all liens suffered or created thereafter, except other mechanics' and material men's liens, over which there shall be no such priority." 2 R. S. 1876, p. 268.

We do not think that this provision of the code affects, or was intended to affect, in any manner, the inchoate interest of a married woman in her husband's real estate. The law gives a married woman an inchoate interest in the lands of her husband, and provides that such interest may become vested and absolute upon the happening of certain events. Such an interest in lands is not a lien suffered or created upon lands within the meaning of the statute. We are clearly of the opinion that the provision, above quoted, of section 650 of the code, does not give the liens of mechanics and material men any priority over an inchoate interest of a married woman, in the real estate of her husband, or over a mortgage of such inchoate interest executed by her and her husband.

The sixth paragraph filed by appellant is also called a cross complaint, in which he said, in substance, that the plaintiff was the father of the defendant Miles E. Murphy; that the money evidenced by the note and mortgage in suit was given by plaintiff, as a gratuity on his part, to his son, said Miles E. Murphy, long prior to the making and delivery of said note and mortgage; that thereafter, in pursuance of and in accordance with a purpose and combination on the part of plaintiff and said Miles E. Murphy, the note and mortgage were executed to plaintiff for the express purpose to cheat, hinder and delay the creditors of said Miles E. Murphy in the collection of their claims against him, who was then involved in debt, and had unpaid judgments against him to the amount of $3,000, and had no other property except said mortgaged premises, with a special agreement between him and the plaintiff that the note and mortgage were

not to be enforced nor held against said Miles E. on said premises, except to prevent and interfere with his creditors in enforcing their claims against said premises ; that, before purchasing the interest of said Laura Murphy in said premises, the appellant was informed of the nature and character of said mortgage, as hereinbefore stated, and assured by the defendant Miles E. Murphy, who was then and there acting for and as the agent of his father, the plaintiff, and of his co-defendant, Laura, his wife, that the said mortgage was not a lien upon said premises, and that the plaintiff stood by, well knowing that the appellant was relying upon and trusting fully upon the statements and representations so made as to said mortgage not being a lien upon said premises, and saw and encouraged him to invest and pay for said property the sum of $3,500, its full cash value, then and there, and during all the time of the appellant's negotiations for the property and its purchase, well knowing that the same was sold to and purchased by him, free from any incumbrances, and, particularly, free from any lien thereon of plaintiff's said mortgage ; that the appellant was the owner of said premises, by sheriff's deeds and by deed from said Miles E. and Laura Murphy.  Wherefore the appellant said that the mortgage in suit was fraudulent and void, and the plaintiff was estopped from setting up any claim to or lien upon said premises under said mortgage, and the appellant asked the court to so decree, and to declare his title to said premises quieted against the plaintiff and said Miles E. and Laura Murphy, and to give him judgment for his costs and for other relief.

We are of the opinion that the court clearly erred in sustaining the plaintiff's demurrer to this sixth paragraph or cross complaint of the appellant.  The substance of this pleading, as we understand its allegations, is, that Miles E. Murphy, the owner of the premises, had become involved in debt and embarrassed by judgments, and could not hope to

hold said premises; that he desired to sell said premises, and especially his wife's inchoate interest therein, for the best price that could be obtained therefor; that he had previously executed the note and mortgage in suit to his father, the plaintiff, not as evidencing any existing debt, but under a special agreement between them, that the note and mortgage were not to be enforced nor held against said Miles or his said premises, except to hinder, delay and interfere with his creditors in enforcing their claims against said premises; that, to induce the appellant to purchase said premises, and especially the inchoate interest of said Laura therein, she and the plaintiff, by their authorized agent for that purpose, fully informed the appellant of the nature and object of the note and mortgage, and of the manner and purpose for which they were given and held by the plaintiff, and represented to the appellant that the mortgage was not a lien upon said premises, and especially upon the inchoate interest of said Laura Murphy therein, and that, relying upon and trusting in the statements and representations so made to him by and for the plaintiff and said Laura Murphy, the appellant was induced to and did purchase the said premises, and the said Laura's inchoate interest therein, for the sum of $3,500, the full cash value thereof.

If these allegations of fact are true, and the plaintiff's demurrer concedes their truth, it would be a palpable and direct violation of the principles of equity, good conscience and common honesty, to allow the plaintiff to enforce the collection of the note and mortgage, or any part thereof, by the foreclosure of his mortgage and the sale of the inchoate interest of said Laura Murphy in the mortgaged premises. Upon these allegations of fact, admitted to be true as the question is now presented, we are of the opinion that the appellee Clement Murphy, the plaintiff below, is estopped by his own acts and representations from enforcing, or attempting to enforce, the foreclosure of his mortgage and the

sale of the mortgaged premises, or any part thereof; and that the mortgage is an apparent cloud upon the appellant's title to said premises, which ought to be removed and his title quieted as against the plaintiff, by the judgment and decree of the court. The plaintiff's demurrer to the sixth paragraph, or cross complaint, of the appellant, as we think, ought to have been overruled by the court.

The seventh paragraph was on its face an answer to so much of the complaint as asked for a foreclosure of the mortgage in suit as to two-thirds of the real estate described therein, the same being the interest of said Miles E. Murphy alone and exclusive of the inchoate interest of his wife, Laura Murphy, in said real estate. The facts alleged by the appellant, in his seventh paragraph, were substantially the same as those stated in the fourth paragraph, of which we have heretofore given a full summary, in this opinion. These facts were sufficient to show, we think, that the appellant's title to the two-thirds part of the mortgaged premises, under the sheriff's deed thereof to him, was superior and prior to the lien of the plaintiff's mortgage on said two-thirds part of said premises; and, therefore, these facts constituted a good defence to so much of the plaintiff's cause of action, stated in his complaint, as the seventh paragraph purported to answer. For this reason, it seems to us, that the court erred in sustaining the plaintiff's demurrer to the seventh paragraph of the appellant's answer. It is true that, in this paragraph of answer, the appellant asked the court to adjudge that the inchoate interest of said Laura Murphy in the premises should be fixed at and limited to the one-third of the original price of the naked real estate, exclusive of the improvements thereon. We do not think that the appellant was entitled to the relief asked for; but, on the contrary, we are of the opinion that Laura was entitled to have the one-third of the premises as they were, when her inchoate interest therein became vested and absolute. *Pifer*

v. *Ward*, 8 Blackf. 252 ; *Bishop* v. *Boyle*, 9 Ind. 169. But a bad prayer for relief, or a prayer for improper relief, will not vitiate a pleading otherwise sufficient ; and a demurrer to a pleading, for the want of facts, will not reach objections to its prayer for relief. The court erred, we think, in sustaining the plaintiff's demurrer to the seventh paragraph of answer.

The appellant's counsel have not discussed any of the questions presented by the other errors assigned ; and therefore those errors, if they exist, must be regarded as waived.

The judgment is reversed, at the appellees' costs, and the cause is remanded with instructions to overrule the demurrers to the fifth, sixth and seventh paragraphs of answer, and for further proceedings not inconsistent with this opinion.