## LLOYD v. ARNEY.

[No. 6,642.    Filed March 30, 1909.]

1. MECHANICS' LIENS.— *Materials Furnished.*— *Statutes.*— Under §8295 Burns 1908, Acts 1899, p. 569, a person furnishing materials for the construction of a building has the right to enforce a lien therefor against the owner of the lot.  p. 451.

2. MECHANICS' LIENS.—*Time of Attaching.*—*Priorities.*—Mechanics' liens, for materials furnished, relate to the time of the furnishing of the materials, notice being required to be filed within sixty days after the final delivery of the materials (§8297 Burns 1908, Acts 1889, p. 257, §3).  p. 452.

3. DESCENT AND DISTRIBUTION.—*Widows' Rights.*—*Lien of Judgments Against Husband.*— *Mechanics' Liens.*— Under §§2945, 2946 Burns 1908, Acts 1903, p. 145, §2, and §2422 R. S. 1881, giving to the surviving widow all of the husband's estate, where it is worth less than $500, and freeing her from his debts, except mortgages of real estate, and requiring her to pay his reasonable expenses for last sickness and funeral, such widow takes his real estate free from the lien of judgments against him, and also free from mechanics' liens.  p. 452.

4. DESCENT AND DISTRIBUTION.—*Dower.*—*Statutes.*—The provisions of our statutes for the rights of the widow in the real estate of her husband are virtually an enlargement of her dower rights.  p. 452.

From Sullivan Circuit Court; *Charles E. Henderson,* Judge.

Suit by Thomas P. Lloyd against Inez Arney. From a judgment for defendant, plaintiff appeals.  *Affirmed.*

*Charles D. Hunt,* for appellant.

*Buff & Stratton,* for appellee.

COMSTOCK, P. J.—This is a suit to foreclose a materialman's lien. The facts, as shown by the complaint and answer, are substantially as follows: Appellant furnished building material to appellee's husband, Mathas Arney, to erect a dwelling-house on a lot belonging to him. After the material was so furnished by appellant and used for the construction of the building, the husband of appellee died. Within sixty days after so furnishing the material and after

the death of the husband, appellant gave notice to the widow, the appellee herein, "and to all others concerned," of his intention to hold a lien on the building and lot for the price of the material so furnished, by filing said notice in the recorder's office of Sullivan county, Indiana. Within a year after so furnishing said material, said appellant filed his complaint in this cause to foreclose his lien. The appellee, after the death of her husband, and before the filing of the complaint herein, filed her petition with the clerk of the Sullivan Circuit Court, under §§2944-2946 Burns 1908, Acts 1903, p. 145, §§1, 2, §2422 R. S. 1881, asking to have the estate, both real and personal, of her late husband set off to her and the title vested in her as being worth less than $500, which petition was pending when appellee filed her answer to said complaint herein, setting up the facts that she is the widow of said Mathas Arney; that he was worth less than $500 at the time of his death, that said appellant was entitled to nothing, and that she, as the widow, was entitled to all the property, both real and personal, including the dwelling-house so erected on said lot, for which the material was furnished by said appellant. A demurrer for want of facts was overruled to this answer, and appellant refusing to plead further judgment was rendered against him for costs.

The ruling upon the demurrer is the only error assigned.

Section 8295 Burns 1908, Acts 1899, p. 569, gives to persons who furnish material for the erection of any house a lien upon such building, and on the interest of the
1. owner of the lot or land on which it stands to the extent of the value of the material furnished. Sections 8297, 8298 Burns 1908, Acts 1889, p. 257, §3, Acts 1883, p. 140, §4, prescribe how said lien may be acquired, and §8299 Burns 1908, Acts 1889, p. 257, §4, how it may be enforced.

The lien of a materialman relates to the time when he begins to furnish the material. Notice of intention to hold

a lien was given June 10, 1907, and the lien attached
2. August 14, 1906, and took "priority over all liens
suffered or created thereafter, except the liens of
other mechanics and materialmen, as to which there was no
priority." §8298, *supra*. The rights and remedies of ma-
terialmen are defined by the foregoing sections.

Sections 2945, 2946 Burns 1908, Acts 1903, p. 145, §2,
§2422 R. S. 1881, provide for vesting the property of a dece-
dent, when the estate is under $500, in his widow. Sec-
3. tion 2946, *supra*, concludes: "And such widow shall
not be liable for any of the decedent's debts, except
mortgages of real estate, but she shall pay and may be sued
for reasonable funeral expenses of the deceased and ex-
penses of his last sickness."

Appellant's claim is not within the exceptions named.
Appellee takes the land free from liens even of judgments
rendered against the husband. *Quakenbush* v. *Taylor*
(1882), 86 Ind. 270; *Mark* v. *Murphy* (1881), 76 Ind. 534.
In *Bishop* v. *Boyle* (1857), 9 Ind. 169, *Pifer* v. *Ward* (1846),
8 Blackf. 252, Phillips, Mechanics' Liens (3d ed.), §195, and
Boisot, Mechanics' Liens, §126, the principle is declared that
the right of dower is entitled to priority over mechanics'
liens. The right of dower and the right of the widow in
the case at bar involve essentially the same principle, both
growing out of the marriage relation. The statute gives to
materialmen a lien and to the widow an estate, and
4. no priority is given over the estate. The provisions
of the statute for the right of the widow in the real
estate of a deceased husband are rather in the nature of an
enlargement than an abolishment of dower. *In re Rausch*
(1886), 35 Minn. 291, 28 N. W. 920; *Dayton* v. *Corser*
(1892), 51 Minn. 406, 53 N. W. 717, 18 L. R. A. 80. The
property in question, after the death of the husband, was
left free and unencumbered to the widow, with the excep-
tions heretofore stated. The materialman may secure him-
self in advance, the wife cannot. She must remain passive,

and take what the law gives her. We adopt the language used by Elliott, J., in *Dixon* v. *Aldrich* (1891), 127 Ind. 296, 297, as applicable to the question under consideration: "It seems to us that it is impossible to avoid the conclusion that the legislature meant to secure to the widow $500 in all cases where the husband has not, in his lifetime, by voluntary contract divested himself of ownership, or so encumbered the title as to destroy the right of exemption." The mere contract entered into by decedent with the materialman did not divest decedent of ownership, and did not encumber the estate of appellee's husband.

Judgment affirmed.