C. M. Allen and F. W. Viehe, for appellant.

O. F. Baker and I. A. Beck, for appellee.

---------o---------

## Howell and Another *v.* Zerbee.

MECHANIC'S LIEN.—NOTICE.—In a notice of a lien under the mechanic's lien law, the lot or land upon which the building is situated should be described with such certainty that it may be definitely ascertained and located.

SAME.—Where a notice of a lien described the property as follows: "a part of lot 3, section 36, township 33, range 4 west, containing five acres, situated in Starke county, Indiana," it was held void for uncertainty.

SAME.—HUSBAND AND WIFE.—When a complaint upon a mechanic's lien alleges a joint contract with husband and wife, but does not show that the wife has any separate interest in the property, no cause of action is shown against the wife, and hence the husband is a competent witness in his own behalf.

APPEAL from the *Pulaski* Common Pleas.

ELLIOTT, J.—Suit by *Zerbee* against the appellants, *William D. Howell* and *Charlotte Howell*, his wife, on an account, and to enforce a mechanic's lien.

The complaint alleged a joint indebtedness of the defendants of $89 29, for work and labor performed for them on an engine, boiler and mill in *Starke* county, *Indiana*; and that

"for the security of said work and labor" the plaintiff had filed a lien in the recorder's office of said county.

The notice of the lien referred to, containing a bill of particulars, was filed with and made a part of the complaint. It stated that *Zerbee* intended "to hold a lien on the mill and machinery located on the following real estate, to-wit: situated in the county of *Starke*, and State of *Indiana*, a part of lot 3, section 36, in township 33, range 4 west, containing five acres, for work and labor performed at the request of said parties on mill and machinery," as shown by a bill of particulars marked "A," which was made a part of the notice.

The bill of particulars amounted to the sum of $106 80, and was credited with cash by *Robert Gray*, $21 51, leaving a balance of $85 29. The suit was commenced in *Starke* county, but on the application of the defendants the *venue* was changed to *Pulaski* county.

The defendants moved the court to strike out all that part of the complaint relating to a lien on the mill and machinery, for the reasons, "1. That the description of the property is too uncertain. 2. That the complaint does not show affirmatively that the plaintiff has taken the necessary steps to entitle him to the statutory remedy for the enforcement of a mechanic's lien." The motion was overruled and the defendants excepted.

Separate demurrers were filed to the complaint and overruled, and the ruling was excepted to, but no error is assigned on that ruling.

The defendants then filed separate answers, but in substance the same. Each answer contains three paragraphs. 1. General denial. 2. Payment. 3. That on the 31st of *October*, 1862, the plaintiff contracted with the defendant, *William D. Howell*, and one *Robert Gray*, to set up the boilers, engine and machinery of a saw mill in *Starke* county, in good running order, by the 15th of *December*, then next, for which they agreed to pay the plaintiff $50, and no more; that the plaintiff, after commencing the work, delayed it until cold weather, and finally abandoned it altogether;

that by reason thereof, and the coldness of the weather after the expiration of the time for its completion, the work could not be done until the following *April*, and the defendant was thereby deprived of the use of the mill during all of said period, to his damage $500, and that the work so done under said special contract was the same work for which said suit was brought.

Replication in denial of the second and third paragraphs of the answer, but admitting that the item in the plaintiff's bill of particulars for 22 days' labor on the engine and boiler, $55, was done on the contract made between the "parties plaintiff and defendant;" that by said contract the defendant was to furnish all the materials to complete said work; that the defendant failed and refused to furnish the materials, and the plaintiff was therefore compelled to abandon the work. There was a trial by a jury, and a verdict for the plaintiff, for $80 29. Motion for a new trial overruled and judgment on the finding, and in default of the payment thereof, that the "premises described in the complaint, to-wit: a part of lot 3, in section 36, township 33, range 4 west, containing five acres, situated in *Starke* county, *Indiana*, or so much thereof as may be necessary to satisfy said debt, interest and costs, be sold as other lands are sold on execution," &c.

The first error complained of is the refusal of the court to strike from the complaint all that part relating to a lien on the mill and machinery, upon which the work and labor sued for were alleged to have been performed.

The statute provides that mechanics, and all persons performing labor or furnishing materials for the construction or repair of any buildings, or who may have furnished any engine or other machinery for any mill, distillery or other manufactory, may have a lien separately or jointly upon the building which they may have constructed or repaired, or upon any buildings, mill, distillery or other manufactory for which they may have furnished materials of any description, and on the interest of the owner in any lot or land

on which it stands, to the extent of the value of any labor done or materials furnished, or for both. 2 G. & H., p. 298. By the terms of this statute the lien attaches to the building, and to the interest of the owner in the lot or land on which it stands, and section 652 provides for a judgment directing the sale of the land and building for the satisfaction of the lien and costs. Buildings are ordinarily fixtures and form part of the realty, and in this case, as we have seen, the judgment directs the sale of the land.

It is not clear to our minds that the statement of the labor performed in this case brings it within the letter of the statute authorizing a lien; but waiving that point, we think, to constitute a valid lien under the statute, that the lot or land on which the building is situated should be described with such certainty that it may be definitely ascertained and located. Here the description is, "a part of lot 3, section 36, township 33, range 4 west, containing five acres, situated in *Starke* county, and State of *Indiana*." It contains a patent ambiguity, in not defining the particular part of lot 3 intended, and there is nothing in the description by which the part intended can be ascertained and rendered certain. It is therefore void for uncertainty.

It follows that the court erred in overruling the motion to strike from the complaint all that related to the lien. And for the same reason the court erred in permitting the notice of the lien to be read in evidence to the jury, over the defendants' objection.

A bill of exceptions shows that at a proper time in the trial of the cause before the jury, the defendant *William D. Howell*, being duly sworn, offered to testify that the work and labor of the plaintiff, for which the suit was brought, was performed under a special contract made between the plaintiff and said defendant, alone; that the plaintiff had failed to perform the contract on his part, and that said defendant had paid him the sum of $50, that being the full value of the work performed. The plaintiff objected, and the court sustained the objection and refused

to allow the evidence to be given to the jury, for the reason, as stated in the bill of exceptions, that *Howell's* co-defendant was his wife, and that he could not testify in his own behalf while the wife was joined in the suit with him."

In this the court also erred. The complaint does not show any valid cause of action against the wife. She could not make a valid contract jointly with her husband, except, perhaps, where it related to her separate property, and there is nothing in the complaint showing that she had any interest or property whatever, either in the mill or the land on which it was situated. The husband was therefore a competent witness for himself. *Gee* v. *Lewis,* 20 Ind. 149; *Palmer* v. *Henderson, id.* 297.

The judgment is reversed, with costs, and the cause remanded for a new trial, and for further proceedings in accordance with this opinion.

*J. Guthrie,* for appellants.