No. 9658.

## BOATMAN v. MACY.

DRAINAGE.—*Description of Land Assessed.*—A ditch assessment must describe the land with such certainty that it may be definitely ascertained and located. "A part" of a certain parcel of land is too indefinite to

enable any one to ascertain what was intended, and such description renders an assessment void.

SAME.—*Complaint to Enforce Assessment.*—A complaint to enforce a ditch assessment is not good as a complaint in assumpsit, where it avers that the defendant neither requested the work done nor promised to pay for it.

ESTOPPEL.—*Practice.*—A party is not estopped to insist upon such defences as arise upon a demurrer to the complaint.

From the Hamilton Circuit Court.

*T. J. Kane* and *T. P. Davis*, for appellant.

*D. Moss, R. R. Stephenson* and *W. S. Christian*, for appellee.

BEST, C.—This action was brought by the appellant against the appellee, to enforce a ditch assessment made in pursuance of the act of March 13th, 1879.

The complaint consisted of two paragraphs, to each of which a demurrer was sustained, and this ruling is assigned as error.

. The principal objection urged to each paragraph is that the description of the land assessed is so indefinite that the assessment is void. The land assessed is thus described: "And a part of the w. $\frac{1}{2}$ of the s. w. $\frac{1}{4}$ of sec. 35, t'p 20, range 3, owned by William Macy; amt. $50."

The assessment is the foundation of the action, and as the lien is in the nature of a mortgage, the land must "be described with such certainty that it may be definitely ascertained and located." *Howell* v. *Zerbee*, 26 Ind. 214. *Gossett* v. *Tolen*, 61 Ind. 388; *Busenbark* v. *Etchison D. A.*, 62 Ind. 314.

"A part" of a certain parcel of land is too indefinite to enable any one to ascertain what was intended, and, therefore, such description renders the assessment void. *Howell* v. *Zerbee*, 26 Ind. 214; *White* v. *Hyatt*, 40 Ind. 385; *Spahr* v. *Schofield*, 66 Ind. 168.

This objection applies to both paragraphs of the complaint, and is fatal to them.

The appellant, however, insists that though the description of the premises is so indefinite as to render the assess-

ment void, yet such facts are averred in the second paragraph of the complaint as render the appellee liable in assumpsit for the value of the labor done in constructing the ditch through his premises. We are not inclined to adopt this version of the pleading. The purpose of both paragraphs seems to have been the enforcement of a lien, and not the recovery of a personal judgment. The additional facts averred in the second paragraph of the complaint are, in substance, these: That the appellee did not appeal from the assessment; that he stood by and saw the work done without objection; that the course of the ditch through his premises was changed at his instance; that $100 was expended for his benefit in constructing the ditch through his land, and that he did not question the legality of the assessment till after the work was completed. It is not averred that he either requested the work to be done or that he promised to pay for it, and in the absence of such averments the paragraph is not good as a complaint in assumpsit for work and labor done. Whether a jury, from the facts averred, would infer a request, is a different question. The court cannot infer it, but it must be averred. These facts were averred, in connection with others, setting forth at great length the various steps taken in establishing and constructing the ditch, to which was attached a copy of the petition and the assessment, and we think the pleading, fairly construed, must be regarded as a complaint to enforce the assessment, and not a complaint for work and labor. These facts were averred, as it seems to us, and as it is alleged in the complaint, with a view of estopping the appellee from insisting upon the illegality of the assessment, but as it is manifest that they can subserve no such purpose, the paragraph can only be regarded as a complaint to enforce the assessment. A party can not be estopped to insist upon such defences as arise upon a demurrer to the complaint. *Harmon* v. *State, ex rel., ante,* p. 197.

If the appellee is indebted to the appellant for work and labor done, no recovery can be had for such service in a suit

upon the assessment, though the labor was performed in the construction of the ditch for which the assessment was made. In such case the assessment is not the ground of the action.

As neither paragraph was sufficient no error was committed in sustaining the demurrer to them, and, therefore, the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the appellant's costs.