Crist *v.* State, *ex rel.* Whitmore, Drainage Commissioner.

Filed Oct. 9, 1884.

---

No. 11,647.

## CRIST *v.* STATE, EX REL. WHITMORE, DRAINAGE COMMISSIONER.

DRAINAGE.—*Complaint.—Assessment.—Exhibits.*—A complaint to enforce a ditch assessment under the act of April 8th, 1881, section 4273, *et seq.,* R. S. 1881, is insufficient upon demurrer for the want of facts, unless the assessment or a copy is filed with the complaint.

SAME.—*Assessment by Commissioner.*—Under such act the assessment made by the commissioner charged with the construction of the work is the basis of the action, and not the assessment made by the commissioners and reported to the circuit court.

SAME.—*Assessment by Commissioner of Land in Different Counties.*—Under such act the commissioner charged with the construction of the ditch is authorized to make all assessments concerning it, though some assessments are made upon lands in a county other than the one where the proceeding was instituted.

From the Grant Circuit Court.

*J. Brownlee,* for appellant.

*J. C. Branyan, M. L. Spencer, R. A. Kaufman* and *W. A. Branyan,* for appellee.

BEST, C.—This action was brought by the appellee to enforce a ditch assessment. A demurrer to the complaint for want of facts was overruled, and this ruling is assigned as error.

The first objection urged is that neither the assessment nor a copy is filed with the complaint. This objection seems well taken. The proceedings which resulted in this assessment were instituted in the Huntington Circuit Court, under the act of April 8th, 1881. The first four sections of this act authorize any person or persons to file a petition in the proper circuit court for the establishment of a ditch. This shall be referred to the commissioners of drainage, who shall, among other things, assess the benefits, etc., to each parcel of land affected, if any, report their proceedings to said court, and if there is no remonstrance within three days, or if the judgment shall be against the remonstrator, " the court shall also make an order declaring the proposed work established, and approving the assessments, and shall direct some one of the commissioners to construct and make the proposed work."

The fifth section provides that the commissioner charged with the execution of the work shall assess, from time to time, upon the lands benefited as adjudged by the court, such sums as he may deem necessary, not exceeding the above amount adjudged upon any one tract; that he may require the same to be paid in instalments not exceeding twenty per cent. per month, and if not paid he may " bring suit in the name of the State of Indiana, for his use as commissioner of drainage, in any court of competent jurisdiction, to enforce a lien upon any tract or tracts of land for the amount so assessed by him."

The assessment mentioned in this section is the assessment the commissioner is authorized to enforce, and while it is averred that such an assessment was made, neither the original

nor a copy was filed with the complaint. A copy of the report of the commissioners made to the circuit court, and a copy of the order of the court declaring the proposed work established, were filed, but the assessment mentioned in these proceedings is not the basis of the suit, and, therefore, these exhibits could not supply the place of a copy of the assessment upon which the suit was brought. It is settled in this State that in a suit to enforce such lien a copy of the assessment must be filed, and, as it was not, the complaint was insufficient, and the demurrer should have been sustained. *West* v. *Bullskin, etc., Co.,* 19 Ind. 458 ; *Alkire* v. *Timmons, etc., Co.,* 51 Ind. 71 ; *Busenbark* v. *Etchison, etc., Co.,* 62 Ind. 314.

The further point is made that the commissioner of drainage of Huntington county had no authority to assess land affected by such ditch in Grant county. We think otherwise. The statute clearly authorizes the construction of a ditch affecting lands in different counties by a single commissioner of drainage. The second section requires the petition filed in the circuit court of the county, where " the lands of the petitioner or petitioners are situated." The third authorizes the court to refer the matter to the commissioners upon proof that notice has been given, etc., one of which must be "at the door of the court-house of each of the counties in which said lands are situated ; " and the fourth requires the court to "direct some one of the commissioners to construct and make the proposed work." It being the duty of the commissioner to whom the work is assigned to construct the same, he has authority to assess all land affected, wherever situate, in accordance with the provision of the fifth section of said act. The construction of a ditch, under this statute, though it affects lands in different counties, must be deemed an entirety, and no commissioner of drainage, other than the one to whom the work is assigned, has any authority to construct any portion of it, or make any assessment in relation to it ; all this must be done by the officer charged with its execution. There is, therefore, nothing in this objection. The failure to file a copy of the

assessment with the complaint renders it insufficient, and for the error in overruling the demurrer for this reason the judgment should be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things reversed, at the appellee's costs, with instruction to sustain the demurrer to the complaint, with leave to amend.

Filed Sept. 27, 1884.