The State, *ex rel.* Mayfield, *v.* Myers.

No. 11,765.

THE STATE, EX REL. MAYFIELD, *v.* MYERS.

DRAINAGE.—*Complaint for Assessments.*—*Exhibits.*—In a suit by a commissioner of drainage to collect an assessment of benefits, a copy of the assessment should be made a part of the complaint; otherwise it will be bad, and a bad answer sufficient for it.

SAME.—*Answer.*—To a good complaint in such case, an answer is bad which shows that the original petition for drainage was defective.

From the Knox Circuit Court.

*C. M. Wetzel,* for appellant.

*F. W. Viehe* and *M. J. Niblack,* for appellee.

FRANKLIN, C.—Appellant as commissioner of drainage for Knox county, commenced this suit against appellee for the collection of an assessment of benefits to pay for the construction of the drain.

A demurrer to the complaint was overruled; the defendant answered in two paragraphs, specially and the general denial; a demurrer to the first paragraph of answer was overruled; plaintiff elected to stand upon the ruling upon his demurrer to the first paragraph of answer, and declined to further reply, and judgment was rendered for the defendant.

The only error assigned is the overruling of the demurrer to the first paragraph of the answer.

The material averments in the first paragraph of answer are as follows: That the petition for drainage "neither at the time it was filed, nor at any time thereafter, stated that by the proposed drainage either the public health would be improved, or that any highway or street would be benefited thereby, or that the proposed work would be of public utility,

and did not state that in the opinion of the petitioners, the proposed drainage would have any of these effects, and stated nothing concerning these matters." The above is copied from appellee's brief.

This paragraph of answer only attacks the sufficiency of the petition, and comes too late to be a defence to an action to collect an assessment. The court had jurisdiction of the subject-matter.

Objections to the petition, in order to be available, must be made before the order or "judgment of the court confirming and establishing the assessment of benefits and injuries." See section 4280, R. S. 1881, and section 6 of the act approved March 8th, 1883, Acts 1883, p. 173, which read as follows: " This act shall be liberally construed to promote the drainage and reclamation of wet or overflowed lands; and collections of assessments shall not be defeated by reason of any defect in the proceedings occurring prior to the judgment of the court confirming and establishing the assessment of benefits and injuries; but such judgment shall be conclusive that all prior proceedings were regular and according to law." But if this paragraph of answer be bad, there was no error in overruling the demurrer to it, unless there was a good complaint. The complaint states the substance of the proceedings to establish the drain and the assessment, but does not contain a copy of the assessment, nor make it any part of the complaint by exhibit or otherwise. The notice, which is made a part of the complaint, contains a copy of the estimates of benefits, but not of injuries. The notice can not be the foundation of this suit, and can not take the place of a copy of the assessment. It is the assessment that creates the lien, gives the right of action, and is the foundation of the suit. See section 4278, R. S. 1881, and section 5, Acts 1883, p. 179. It must therefore be made a part of the complaint, in order to constitute a good cause of action. *Roberts* v. *State, ex rel.,* 97 Ind. 399; *Smith* v. *Clifford,* 83 Ind. 520; *Crist* v. *State, ex rel.,* 97 Ind. 389; *Albertson* v. *State, ex rel.,* 95 Ind. 370.

The complaint must be held bad, and there was no error in overruling the demurrer to that paragraph of the answer.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.

