Filed April 3, 1885.

---

No. 11,626.

## Moss v. The State, ex rel. Mann.

DRAINAGE.—*Statute Construed.*—The act of 1881 concerning drainage, R. S. 1881, sections 4273–4284, was amended, but not repealed, by the act of 1883, but the latter controls the proceedings after it took effect.

SAME.—*Complaint.*—*Exhibits.*—Under the act of 1881 the assessment made by the commissioner charged with the construction of the work constitutes a lien on the land, and a copy thereof must be exhibited with the

complaint; but where the amendatory act of 1883 was in force when the court acted upon the report of the commissioners, that report as approved and confirmed or modified by the court must be the exhibit, and in any case the notice recorded is not the proper exhibit.

From the Howard Circuit Court.

*J. W. Kern, B. F. Harness, J. C. Blacklidge, W. E. Blacklidge* and *B. C. H. Moon,* for appellant.

*J. F. Elliott* and *L. J. Kirkpatrick,* for appellee.

FRANKLIN, C.—Appellee commenced this suit against appellant to collect a ditch assessment. A demurrer was overruled to the complaint. The defendant refused to answer over, and judgment was rendered for the plaintiff.

The error assigned is the overruling of the demurrer to the complaint. The proceeding was commenced under the statute of 1881, and proceeded regularly under that statute to the filing of the report of the commissioners of drainage on January 12th, 1883.

In June, 1883, the court, in some respects, modified the report of benefits and damages, and approved and confirmed it as so modified, ordered the drain to be constructed, and appointed appellee, one of said commissioners, to superintend the work. He had the proper notice recorded, and made an assessment by instalments to pay for the construction of the drain. The objections to the complaint are :

*First.* That the act of 1881, under which the proceedings were commenced, was repealed by the act of 1883, which took effect March 8th, 1883.

*Second.* That a copy of the assessment is not made a part of the complaint, by exhibit or otherwise.

The amendment of 1883 contains no repealing clause of the statute of 1881, and can by implication only repeal such parts thereof as are in conflict with the amendment. The amendment is not an independent statute covering the whole subject of drainage, and intended to be a substitute for the act of 1881 ; but it is clearly intended to be an amendment to certain sections only, and as such the amended sections, as

amended, became parts of the original act, and are to be enforced as such.

As an evidence of the fact that the Legislature did not intend that this amendatory statute should be an independent one, that it should be a substitute for the former, or that it should repeal by implication the former, the 8th section of the amendatory act provides that "this act as to the time in which a remonstrance may be filed, shall relate to all proceedings now pending, when a contract for the construction of the drain has not been made."

The proceedings in this case, up to the time the amendatory act of 1883 went into force, are to be controlled and governed by the act of 1881 ; after the amendment took effect they are governed by the same act as amended. We think the first objection to the complaint is not well founded.

The amendatory act has produced some confusion in the practice, as to what is the foundation of an action to collect assessments, and what should be made a part of the complaint, by exhibit or otherwise.

There are a number of cases in this court holding that a copy of the assessment should be made an exhibit to the complaint. The act of 1881, before amendment, and since amendment, requires two assessments to be made—the assessment of the benefits and damages by the drainage commissioners, and the assessment of instalments to be collected by the working commissioner—under which the question arises, Which one of these assessments is to be regarded as the foundation of the action? We answer, the one that creates the lien upon the land.

Under the act of 1881, as originally passed, the 4277th section, R. S. 1881, provides that the commissioner charged with the execution of the work shall assess from time to time upon the lands benefited, ratably upon the amount of benefits as adjudged by the court, such sums of money as may be necessary therefor, etc.

The 4278th section provides that "The amount of assess-

ments so made by such commissioner shall be a lien upon the lands so assessed, from the date of recording notice of the establishing of the work by the court."

Under this statute, as it originally stood, this court has held that the assessment made by the commissioner who has charge of the work creates the lien, and must be made a part of the complaint. *Crist* v. *State, ex rel.,* 97 Ind. 389 ; *Roberts* v. *State, etc.,* 97 Ind. 399.

But the 5th section of the amendatory act of 1883, Acts 1883, p. 179, amends the above 6th section of the act of 1881, and which amended section reads as follows: " The filing of the petition shall be deemed notice of the pendency of the proceedings to all persons whose lands are named in the petition, and the filing of the report of the commissioners locating the work and fixing the amount of assessments, shall be deemed notice of the pendency of the proceedings to all persons whose lands are named therein, and not named in the original petition, and the amount of the assessment, as made or approved and confirmed by the court, shall be a lien upon the lands so assessed, from the time of filing the petition," etc.

By this amended section the report of the commissioners of drainage, as approved and confirmed by the court, creates the lien upon the land. The provision for the subsequent assessment by the commissioner having charge of the work, by apportioning the amount of the lien that shall be collected by instalments, affects the remedy in enforcing the lien, and does not create it; hence, while this latter assessment must be averred in the complaint, it is not the foundation of the action, and need not be made an exhibit in the complaint; and the same may be said of the notice required to be recorded by the commissioner having charge of the work. But as the report of the drainage commissioners, as approved and confirmed by the court, creates the lien, it becomes the foundation of the action, and must be made a part of the complaint.

In the case under consideration, while the report of the drainage commissioners was filed in January, 1883, under the

act of 1881, it was approved by the court in June, 1883, under the amendatory act of 1883, and it is the amended act that must control this question, and not the original one. See the case of *State, ex rel.,* v. *Myers,* 100 Ind. 487, and authorities therein cited.

In the case under consideration the complaint avers the facts of the filing of the petition, notice, its reference to the drainage commissioners, their report of benefits and damages, its modification, approval and confirmation as modified by the court, and alleges the amount assessed on defendant's lands, the appointment of appellee as one of the commissioners to superintend the work, his having notice of the assessment recorded, and that he assessed instalments to be paid.

The only thing made a part of the complaint, as the foundation of the action, is the notice of the assessment made by the commissioners of the benefits as modified by the court, a copy of which is made an exhibit and filed with the complaint.

Under the statute in force at the time, the lien was created before the notice was recorded, and the notice can not be the foundation of the action. Although it should be averred as a necessary step in the remedy to enforce the lien, it can not supersede and dispense with the necessity of making the assessment of benefits and damages by the drainage commissioners a part of the complaint, by exhibit or otherwise. See the case of *State, ex rel.,* v. *Myers, supra.*

It may be said that this notice contained a copy of the assessment of benefits. If that be true, then the copy in the complaint was a copy of a copy, which could not be admissible. The copy in the notice says nothing about damages, and we can not infer that it is a true copy of the original assessment; but this substitute for furnishing a copy of the original can not be held sufficient. We are forced to hold that the original assessment made by the drainage commissioners, as approved and confirmed by the court, is not made a part of the complaint, and for which omission the complaint

must be held bad. The court erred in overruling the demur-rer to the complaint.

The judgment ought to be reversed.·

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things reversed, at appellee's costs, and that the cause be remanded, with instructions to the court below to sustain the demurrer to the complaint, and for further proceedings.

Filed March 20, 1885.