Chaney *et al. v.* The State, *ex rel.* Ely, Drainage Commissioner.

Filed April 25, 1889.

———————

No. 14,454.

CHANEY ET AL. *v.* THE STATE, EX REL. ELY, DRAINAGE COMMISSIONER.

DRAINAGE.—*Complaint to Enforce Assessment.*—For a complaint by a com missioner of drainage to enforce the lien of a drainage assessment, which is held to be sufficient on demurrer, see opinion.

SAME.—*Report of Commissioners.*—*Power to Set Aside.*—While a drainage proceeding is *in fieri*, the court has power to set aside the report of the commissioners and order a further consideration of the petition, and its action in doing so is at most only erroneous, and can not be collaterally questioned.

SAME.—*Parties.*—*Notice.*—Where an answer to a complaint to enforce a drainage assessment alleges that the land affected was described in the

petition for the drainage, but that the defendant was not named therein and neither had notice of nor appeared to the proceeding, but fails to show that he held the legal title to the land when the petition was filed, is bad.

SAME.—*Purchaser Pendente Lite.*—A purchaser of land during the pendency of a petition for drainage, from a grantor who is named in the petition and has notice thereof, is bound by the proceedings to the same extent as though he had held the legal title when the petition was filed and had been named therein and duly notified.

SAME.—*Lien of Assessment.*—*Constructive Notice.*—Under section 5 of the drainage act of 1883 (Acts of 1883, p. 179), the lien of an assessment attaches as of the date of the petition, and a purchaser *pendente lite* is affected with notice.

SAME.—*Notice.*—*Presumption.*—To a complaint to enforce an assessment, an answer alleging a purchase of the land by the defendant after the petition for drainage was filed, and that the defendant was not a party to the drainage proceeding and had no notice, is bad, as the presumption is that his grantor was a party and was duly notified.

SAME.—*Exhibit.*—*When Deemed Amended.*—Where an exhibit might have been amended in the trial court to conform it to the proof, it will be presumed, on appeal, that it was so amended.

From the Allen Superior Court.

*C. E. Barrett, J. B. Harper* and *J. C. Chaney,* for appellants.

*T. E. Ellison,* for appellee.

BERKSHIRE, J.—The complaint is in two paragraphs, and the defendants thereto are the appellants and one Aaron Chaney. Demurrers were filed by both of the appellants to each paragraph, and were by the court overruled, and exceptions reserved.

Separate answers'were filed, in two paragraphs by Ella M. Chaney, and in seven paragraphs by John C. Chaney. The second paragraph of Ella M.'s answer, and the first paragraph of John C.'s answer, were general denials.

To the first paragraph of the answer of Ella M., the appellee filed a demurrer, and also filed a demurrer to all of the paragraphs of the answer of John C., except the first. To the answer of Ella M., the court overruled the demurrer; to the second, fourth and seventh paragraphs of the answer

of John C., the court overruled the demurrer, and sustained it to the third, fifth and sixth paragraphs and to these rulings of the court the proper exceptions were saved. The appellee then filed a reply, putting the case at issue. The cause was then submitted to the court, and, after hearing the evidence, a finding was made for the appellee, and the relator's damages assessed, as to the first paragraph of the complaint, at $535, and, as to the second paragraph, at $387.56, and the said amounts were found to be liens upon the land. The appellants filed a motion for a new trial, which the court overruled, and proper exceptions were saved, and thereupon the court rendered judgment for the appellee and a decree foreclosing the liens.

There are several errors assigned; the following are, in substance, the errors relied on by counsel for the appellants and discussed in their brief, and we will notice none other:

1. The court erred in overruling the demurrer to the first paragraph of the complaint.

2. The court erred in overruling the demurrer to the second paragraph of the complaint.

3. The court erred in sustaining the demurrer to the third paragraph of the separate answer of John C. Chaney.

4. The court erred in sustaining the demurrer to the fifth paragraph of his separate answer.

5. The court erred in sustaining the demurrer to the sixth paragraph of his separate answer.

6. The court erred in overruling the motion for a new trial.

The first paragraph of the complaint is, in substance, as follows: On the 18th day of July, 1883, William Branstattor and others filed in the superior court of Allen county, a petition asking for the establishment and construction of a ditch to drain certain lands therein described; that after due and legal notice thereof to the defendants and all others interested, said petition was, on the 9th day of August, 1883, docketed by the court as an action pending therein; that, on the 15th day of August, it appearing to the court that there

had been no demurrer filed to said petition, and no remonstrance or objection had been filed to such petition showing any reason why the commissioners of drainage of Allen county should not act in said matter, and the court having found the said petition sufficient, the same was by order of the court referred to said commissioners of drainage to make report in said matter to said court on the 1st day of December, 1883. On that day the said commissioners reported that they required further time to examine the matter, which was granted, and time was extended by the court until March 1st, 1884; that, on that day, the said commissioners reported that they still required further time, which was granted, and time was extended until April 17th, 1884. On that day came the said commissioners and filed in open session of said court a report on such petition, recommending the establishment of the drainage, and fixing the amount of damages or benefits that would be sustained or received by each tract of land or easement affected thereby, of which the defendants had notice. On the 15th day of May, 1885, the first report made by said commissioners was by said court set aside and held for naught, and they were ordered to make a re-examination of. said matter and file a new report on the 2d day of November, 1885; that the said commissioners re-examined said matter and made a new report, recommending the establishment and construction of such drainage, fixing the amount of damages or benefits suffered or received by each tract of land or easement affected thereby, and filed the same in open session of said court November 2d, 1885; that in said second report there were described certain tracts of land not described in the original petition; that, thereupon, said court ordered notice to be given as to the filing of said second report by said commissioners, and of the assessments of benefits on said tracts, and that said report would be heard on the 23d day of November, 1885, which notice was given to all persons as ordered by said

court and proof thereof made to the satisfaction of the court; that such further proceedings were had, that, on the 22d day of April, 1886, said report, as made, was approved and said drainage established, and it was adjudged and decreed by the court that said work should be constructed; that said defendants were the owners of the following tract of land in said county of Allen, to wit : The southwest quarter of ·the southeast quarter of section 33, township 30, range 11 east, and that the same would be benefited $900, and the same was declared to be a lien upon said land from the 18th day of July, 1883, and the defendants were ordered to pay the same to the superintendent appointed to construct the same, when demanded, of all of which the defendants had due and legal notice.' On the 22d day of April, 1886, the relator was appointed by the said court to superintend said work, collect the assessments and do all other things necessary to complete the same and pay therefor; that, on the 5th day of June, 1886, he caused said assessments, as finally decreed, to be recorded in the recorder's office of said county, and, on the 17th of said month, in the recorder's office of Whitley county, and, on the 5th day of said month, in the recorder's office of Huntington county. Said relator has made four assessments and declared them due and payable at the office of W. H. Goshorn, in the court-house in Fort Wayne, as follows : The first ten per centum of the benefits assessed due August 6th, 1886, the second ten per centum due November 6th, 1886, the third twenty per centum due April 30th, 1887, and the fourth fifteen percentum due June 18th, 1887; that due and legal notice of each and all of said assessments, and when and where payable, has been given by publication in a weekly newspaper printed and published in each of said counties for more than thirty days before each became due and payable; that, on the 7th day of September, 1883, said Aaron Chaney, who owned said land when said petition was filed and who was named therein as the owner, conveyed said land to the defendant John C. Chaney, which deed was re-

corded October 12th, 1883; that Ella M. Chancy is the wife of John C. Chaney; that, although often requested, the defendants fail, neglect and refuse to pay said assessments or any part of the same; that, on account of such failure, the relator has been compelled to employ an attorney to collect the same, and that a reasonable fee is $75. Judgment is demanded for $900 and a foreclosure of the lien.

The second paragraph of the complaint is similar to the first, except as to the description of the land, the amount of the assessment and attorney's fees.

The complaint, the substance of which we have given, contains all necessary allegations, and states a cause of action. *Laverty* v. *State, ex rel.,* 109 Ind. 217; *Wishmier* v. *State, ex rel.,* 110 Ind. 523.

The third paragraph of the answer of John C. Chaney alleges the filing of the petition, that it contained a description of said appellant's land, that the petition was, by order of the court, duly docketed as an action pending, and was thereafter referred to the drainage commissioners, and that, on the 17th day of April, 1884, they made a report to the court, and appellant's land was reported as benefited in the sum of $540; that he did not remonstrate or appeal from the assessment; that other persons filed remonstrances, which were brought before the court and considered, and on the 15th day of May, 1885, the court made and entered of record an order setting aside said report, and ordering a further consideration of said petition by said commissioners; and as the result, on the 22d day of April, 1886, another report was made by the commissioners, whereby appellant's land was assessed $1,550, which is the assessment the appellee is trying to enforce. It is also alleged that the appellant was not named in the petition, and had no notice, and at no time appeared.

At the time the order was made setting aside the first report, the proceedings were *in fieri,* and the court could make any order that might appear to it to be legal and proper. If it came to the conclusion, for any reason, that the report was

not a proper one, it was within the power of the court to set it aside, as much so as to make any other order in the case, and at most its action would only be erroneous, and could not be taken advantage of in a collateral proceeding. *Jenks* v. *State,* 39 Ind. 1. It is not alleged in the answer when the appellant became the owner of the land. If, as appears elsewhere in the record, he obtained title to the land after the petition was filed, and the holder of the legal title at that time was named in the petition, and had notice, the appellant was a purchaser *pendente lite,* and is to the same extent bound by the proceedings as though he had held the legal title when the petition was filed, had been named in the petition and had been duly notified. *Wilson* v. *Hefflin,* 81 Ind. 35; *Kern* v. *Hazlerigg,* 11 Ind. 443; *Green* v. *White,* 7 Blackf. 242; *Worsley* v. *Earl of Scarborough,* 3 Atk. 392; *Murray* v. *Lylburn,* 2 Johns. Ch. 441. There was no error in sustaining the demurrer to the third paragraph of the answer.

The substance of the fifth paragraph of the answer is, that the supposed judgment was rendered without notice to the appellant of the pendency of the action, and that no process in said action was ever served on him, nor did he ever appear or authorize any one to appear for him; that at the time said action was brought he was a resident of Sullivan county, State of Indiana, and has been ever since.

It is not averred in this answer that the appellant held the legal title to the land when the petition was filed, nor is it averred that his grantor did not receive proper notice. This paragraph of answer is bad, and the court committed no error in sustaining the demurrer thereto.

The substance of the sixth paragraph of the answer is, that, on the 7th day of September, 1883, the appellant purchased the land and received a conveyance from Aaron Chaney, for a valuable consideration; that he had no notice whatever of the pendency of any action affecting said real estate, or looking to a judgment likely in any manner to affect the same; that he was not a party to the said ditch proceedings at any

stage of the same; that he is, and has been for the last fif-
teen years, a resident of Sullivan county, State of Indiana.

As there is no averment that the grantor of the appellant,
who held the legal title when the petition was filed and no-
tice given as averred in the complaint, was not a party and
did not have notice, therefore the presumption must be that
he was a party and did have notice, and the plaintiff, having
purchased during the pendency of the proceedings, is bound
by the notice given to his grantor. The case of *Cook* v.
*State, etc.;* 101 Ind. 446, is not in point. That was a case
where a mortgagee took a mortgage, before the lien had at-
tached, without notice. The statute makes the assessments
liens from the date at which the petition was filed, and as
the result the appellant purchased the real estate with the
liens upon it, and with constructive notice thereof. Acts
1883, section 5, p. 179. This paragraph of the answer was
bad, and the court committed no error in sustaining the de-
murrer thereto.

We come now to the error assigned because of the over-
ruling of the motion for a new trial. There is nothing in
the motion to set aside the summons, and as the appellants'
counsel seem to have no confidence in it, we need not say
more in regard to it.

It is urged that the court erred in permitting the appellee
to introduce in evidence the assessment upon which the ac-
tion is brought, for the reason that the court could not
make an order setting aside the first report and again refer
the petition to the commissioners, without notice being first
given to the appellants. We are not of this opinion. As
we have already stated, the proceedings were pending, and,
after due notice had been given of the filing of the petition,
all parties thereto and all persons claiming under them were
in court for all purposes relating to the proceedings, and
bound thereby. It is also contended that there is a variance
between the assessment sued on and the one introduced in
evidence, the one sued on being against Aaron and John C.

Chaney, and the one introduced in evidence being against Aaron Chaney alone. They are exactly the same, except in one the name of John C. Chaney appears, and in the other it does not. The exhibit could have been amended on the trial, and will be presumed to have been amended by this court. *Buchanan* v. *State, ex rel.,* 106 Ind. 251.

Judgment affirmed, with costs.

Filed April 26, 1889.