Filed May 14, 1889.

No. 13,710.

## ROSS ET AL. *v.* THE STATE, FOR THE USE OF ZENOR, DRAINAGE COMMISSIONER.

DRAINAGE.—*Assessment.—Enforcement of.—Complaint.—*A complaint to enforce the collection of an assessment under the drainage act 1883 is bad unless a copy of the report of the commissioners making the assessment, in so far as it relates to the land in question, is filed therewith.

SAME.—*Description.— When Void for Uncertainty.—*An assessment upon land described as "Pt. S. E. ¼ of N. E. qr. frac. sec. 7, T. 6 S., R. 5 E." and "Pt. S. W. ¼ of N. E. qr. frac. sec. 7, T. 6 S., R. 5 E.," is not enforceable, the description being void for uncertainty.

From the Harrison Circuit Court.

*B. P. Douglass* and *S. M. Stockslager,* for appellants.
*W. Cook* and *W. Ridley,* for appellee.

OLDS, J.—This is an action to collect a pretended assessment against the lands of appellant Jesse Ross for the con-

struction of a drain.  The petition for the construction of a ditch was filed in the circuit court in December, 1881. The commissioners filed their report, the same was approved by the Harrison Circuit Court and the ditch established at the May term, 1882, of said court, but the work was not referred to a commissioner for construction, and no further proceedings were had, until after the passage of the drainage act of 1883.

A demurrer was filed to the complaint, and was overruled and exceptions reserved, and the ruling is assigned as error.

The complaint sets out the proceedings, alleging the filing of the petition, the report of the commissioners and its approval and the establishing of the ditch as hereinbefore stated, and that Amos Zenor was qualified as a drainage commissioner by virtue of his office as county surveyor.  Zenor was appointed to construct the work, and, on the 13th day of April, 1885, he made out a notice that the proposed ditch had been established, setting forth the assessments as made and confirmed, and caused the same to be recorded in the recorder's office on the 14th day of April, 1885.  The said commissioners afterwards made assessments, in writing, on the lands benefited, and filed copies of the said assessments made by the commissioner to whom the work was assigned for construction, but no copy of the assessments of benefits, as made and reported by the drainage commissioners and confirmed by the court, is filed with the complaint.

Section 5 of the drainage act of 1883 (Acts of 1883, p. 179) amends section 6 of the act of 1881, and the amended section provides that:  " The filing of the petition shall be deemed notice of the pendency of the proceedings to all persons whose lands are named in the petition, and the filing of the report of the commissioners locating the work and fixing the amount of assessments, shall be deemed notice of the pendency of the proceedings to all persons whose lands are named therein, and not named in the original petition, and the amount of the assessment, as made or approved and confirmed by the court,

shall be a lien upon the lands so assessed, from the time of filing the petition, except where lands are omitted in the petition and afterwards assessed and reported by the commissioners, and, as to such lands, the assessment shall be a lien from the date of filing the report of the commissioners."

By section 6 of the act of 1881, the lien was created by the assessment made by the commissioner to whom the work was assigned for construction, but that section was amended and its provisions changed by section 5 of the act of 1883, from which we have quoted above, before any lien attached to the land of Jesse Ross, and if any lien exists it was created by the act of 1883, and this court has repeatedly held that it is essential to the validity of a complaint to enforce the collection of an assessment under the act of 1883, that a copy of the report of the commissioners making the assessment and approved by the court, in so far as it relates to the land in question, must be filed therewith. It is not necessary to set out all of the descriptions of the real estate owned by other persons. *Wishmier* v. *State, ex rel.,* 110 Ind. 523. The complaint is defective, and the demurrer should have been sustained. *State, ex rel.,* v. *Myers,* 100 Ind. 487 ; *Moss* v. *State, ex rel.,* 101 Ind. 321 ; *Cook* v. *State, ex rel.,* 101 Ind. 446 ; *Blakemore* v. *Dolan,* 50 Ind. 194.

There is a further objection urged to the complaint. The real estate of the said Jesse Ross is described in the proceedings and assessment as : " Pt. S. E. ¼ of N. E. qr. frac. sec. 7, T. 6 S., R. 5. E.," and " Pt. S. W. ¼ of N. E. qr. frac. sec. 7, T. 6 S., R. 5 E."

The assessment is the basis of the lien and is the foundation of the action, and it must contain a valid description of the real estate. This attempted description is too indefinite, and is void for uncertainty. *Boatman* v. *Macy,* 82 Ind. 490 ; *Eel River Draining Ass'n* v. *Topp,* 16 Ind. 242 ; *White* v. *Hyatt,* 40 Ind. 385 ; *Howell* v. *Zerbee,* 26 Ind. 214.

For the error in overruling the demurrer to the complaint the judgment must be reversed.

There are some other errors assigned, but the questions may not arise again and it is not necessary to decide them.

Judgment reversed, at the costs of the appellee, with instructions to sustain the demurrer to the complaint, and for further proceedings not inconsistent with this opinion.

