The State, *ex rel.* Ely, Drainage Commissioner, *v.* Smith *et al.*

Filed Feb. 8, 1890; petition for a rehearing overruled June 6, 1890.

---

No. 14,436.

## THE STATE, EX REL. ELY, DRAINAGE COMMISSIONER, *v.* SMITH ET AL.

DRAINAGE.—*Insufficient Description of Property Assessed.*—*Reformation.*—A drainage commissioner, on a showing that in the original petition there was an insufficient description of the property upon which the assessment was levied, is entitled to have the description so corrected, or reformed, as to make the assessment effective.

From the Huntington Circuit Court.

*T. E. Ellison,* for appellant.

*J. B. Kenner* and *J. I. Dille,* for appellees.

The State, *ex rel.* Ely, Drainage Commissioner, *v.* Smith *et al.*

ELLIOTT, J.—The relator's complaint is the same in its essential features as that in the case of *Chaney* v. *State, ex rel.,* 118 Ind. 494, except that it shows that in the original petition there was an insufficient, or erroneous, description of the property upon which the assessment was levied. The decision in the case cited settles all the questions involved in the present case, except that arising on the allegations concerning the erroneous description, and the prayer that the assessment be enforced against the property benefited by a true and accurate description.

We can perceive no valid reason why the relator may not have the description made accurate and specific, and thus enforce the assessment against the property actually benefited. It is to be kept in mind that the commissioner is required to file a complaint to enforce the assessment, in a superior court of general jurisdiction, and the property owner is entitled to notice in the action thus instituted. The parties have, therefore, an opportunity to litigate all proper questions, and the court can render an effective decree, justly adjudicating upon the merits of the controversy. We think it may reform a description, for the parties are before it, and it has jurisdiction of the subject. Certainly, justice requires this, for the property actually benefited should bear its proportion of the expense of constructing the drain; and where the court can ascertain the true and full description of that property it ought to reform mistakes and correct errors so that the assessment can be enforced. We regard the complaint as sufficient to require an answer.

Whether the appellee may controvert the validity of the assessment, upon the ground that she was misled by the description, or whether she may interpose other defences, we do not decide. All that we decide is that, *prima facie,* the relator was entitled to have the description so corrected, or reformed, as to make the assessment effective.

Judgment reversed.

Filed March 18, 1890; petition for a rehearing overruled June 6, 1890.