Van Sickle *v.* Belknap.

No. 15,146.

## VAN SICKLE *v.* BELKNAP.

RIGHTS AND REMEDIES.—Where a statute creates a right, and provides generally for its enforcement, but neither creates nor designates a remedy, the implication is that the Legislature intended that the right should be enforced by some existing and appropriate remedy.

STREET IMPROVEMENT.—*Lien for.*—*Enforcement of.*—*Pleading.*—In a suit by a contractor under the act of April 13th, 1885, to enforce a lien for street improvement on the abutting lots, he must plead all the acts done by the municipal officers, and all facts essential to show their authority, but he is not bound to incorporate in his complaint, by reference or otherwise, any written instrument except the estimate or assessment.

PRACTICE.—*Instructions to Jury.*—*Making Part of Record.*—*Bill of Exceptions.*—Instructions which are not brought into the record by a bill of exceptions, or which are not signed by the judge and filed as a part of the record, can not be considered on appeal.

From the Clinton Circuit Court.

*F. F. Moore*, for appellant.

*J. C. Farber*, for appellee.

ELLIOTT, J.—The appellee asserts a right to enforce a lien for an assessment levied for the expense of improving a street running through unplatted grounds in the city of Frankfort. The suit is governed by the act of April 13th, 1885, Elliott's Supp., section 753. *Crowell* v. *Jaqua*, 114 Ind. 246. The act provides, in general terms, that such a lien may be enforced by the contractor, in the Circuit Court of the county in which the city directing the improvement is situated.

Where a statute creates a right, and provides generally for its enforcement, but neither creates nor designates a remedy, the implication is that the Legislature intended that the right should be enforced by some existing and appropriate remedy. *Fitch* v. *Creighton*, 24 How. 159 ; *Reynolds* v. *Crawfordsville Bank*, 112 U. S. 405. As the appellee seeks a specific relief by the enforcement of a statutory

lien, he must aver such facts as bring his case within the statute creating the lien. The nature of the relief sought gives his case an equitable character, rather than a legal one, for the foreclosure of liens upon real property is the exercise of equity power. *Albrecht* v. *C. C. Foster Lumber Co.*, 126 Ind. 318, and cases cited; *Ex parte Sweeney*, 126 Ind. 583 (591). Under the rules just stated, the appellee's complaint must be held good, if it states such facts as entitles him to the equitable relief he seeks; if it does not state such facts, it must be deemed bad. If it shows such facts as create a lien, then the right to the equitable relief is established, since, if a lien exists, he is entitled to a decree foreclosing it.

The complaint contains these averments: That the common council of the city of Frankfort, by a unanimous vote, enacted an ordinance for the improvement of Jackson street, and providing for the assessment of abutting lots; that notice inviting proposals was published for four consecutive weeks; that divers bids were submitted to the common council; that the plaintiff's bid was the lowest and best; that the plaintiff's bid was accepted, and the contract awarded him; that on the 4th day of August, 1887, the plaintiff contracted in writing for the performance of the work, and executed a bond to secure the performance of his contract; that the contract and bond were accepted by the common council, and the mayor authorized to sign the contract for the city; that the contract provided for the collection of the expense of the improvement, except for street and alley crossings, from the owners of lots; that the plaintiff fully completed the work according to his contract; that the work was accepted by the city civil engineer, and by the city; that the engineer was ordered to deliver to the plaintiff an estimate, and that he did deliver an estimate to the plaintiff on the 17th day of January, 1888; that the common council approved the estimate on the 19th day of the same month, and directed payment of the sums charged against the respective

lots; that there was assessed against unplatted land owned by the appellant the sum of one hundred and fifty-four dollars, of which sum the plaintiff demanded payment, but payment was refused, and the sum remains unpaid, except ninety dollars paid by the appellant; that more than sixty days have elapsed since the completion of the work and the demand for payment. The estimate issued to the plaintiff is incorporated into the complaint by reference, and duly made an exhibit. The lot owned by the appellant is fully described.

It is our judgment that the complaint states facts entitling the appellee to a lien. It shows compliance with all of the material statutory requirements, and this is sufficient. It is never proper to plead evidence, for only facts are to be averred. The proceedings of the municipal authorities, as shown by the proceedings of record, are evidence, but such proceedings need not be pleaded at length. It is only necessary to plead the acts done by the municipal officers, and to aver generally the facts showing that they were rightfully done. It is not necessary to go into minute detail, nor to make exhibits of all the ordinances, orders or the like, entered of record. This may be necessary where expressly made so by statute, as in the case of an appeal from an assessment under section 3165, but it is not so where the suit is brought and conducted under ordinary rules of procedure. It would subserve no useful purpose to overload a complaint with exhibits; on the contrary, it would needlessly burden the record, create confusion, and uselessly increase the expense of litigation.

The specific objection urged against the complaint is that the written contract between the municipal corporation and the appellee is not made part of the pleading. It is assumed, as the basis of the argument upon this question, that the contract is the foundation of the lien. But this assumption can not be sustained. The ordinance, the advertisement, and the award are as essential as the contract, but no one of them in

itself can be said to be the foundation of the lien. The truth is that these things constitute steps in the procedure, but no one of them constitutes the foundation of the lien, for all must exist to create a perfect lien, and, where there is no element of waiver or estoppel, all must be shown in order to establish an enforceable right.

In a narrow sense, the estimate issued by the engineer and adopted by the common council constitutes the lien, and the steps preceding the final action upon the estimate are necessary to give the estimate validity and force. *Langsdale* v. *Nicklaus*, 38 Ind. 289 ; *Jones* v. *Schulmeyer*, 39 Ind. 119; *City of Indianapolis* v. *Imberry*, 17 Ind. 175.

It is generally held that the estimate of an officer, such as a civil engineer of a city, is *prima facie* correct, and is to be sustained unless successfully impeached. See authorities cited in notes, p. 430, Elliott Roads and Streets. It is, therefore, with reason that it is held in analogous cases that a copy of the assessment or estimate should be incorporated in the complaint. But it is held in those cases that it is not necessary to set forth other instruments, nor to plead them at length. *Smith* v. *Clifford*, 99 Ind. 113 ; *State, ex rel.,* v. *Myers*, 100 Ind. 487 ; *Albertson* v. *State, ex rel.,* 95 Ind. 370 ; *Laverty* v. *State,* 109 Ind. 217 ; *Neiman* v. *State, ex rel.,* 98 Ind. 58.

We can perceive no reason why the rule declared in the cases cited should not govern such a case as this, for the cases are all of the same general class. Our conclusion is that a plaintiff must plead all the acts done by the municipal officers, and all such facts as are essential to show authority to perform the acts, but that he is not bound to incorporate in his complaint, by reference or otherwise, any written instrument, except the estimate or assessment.

We can not do otherwise than sustain the appellee's contention that the instructions given at their request are not in the record, for they are not made part of it by any method

known to the law. There is no bill of exceptions; there is no signature to what the appellant denominates the instructions; there is no special order making the appellee's instructions part of the record, nor is there any authentic statement that they were filed. Many decisions support the appellee's position. *Olds* v. *Deckman*, 98 Ind. 163; *O'Donald* v. *Constant*, 82.Ind. 212; *Heaton* v. *White*, 85 Ind. 376; *Landwerlen* v. *Wheeler*, 106 Ind. 523; *Supreme Lodge, etc.,* v. *Johnson*, 78 Ind. 110; *Butler* v. *Roberts*, 118 Ind. 481; *Fort Wayne, etc., R. R. Co.* v. *Beyerle*, 110 Ind. 100.

Filed Sept. 19, 1891; petition for a rehearing overruled Nov. 20, 1891.