Luzadder v. The State, for Use of Rhine, Commissioner of Drainage.

late Court, and the clerk is directed to transfer it to the docket of that court.

Filed May 17, 1892.

———————◆———————

## No. 16,415.

## LUZADDER v. THE STATE, FOR USE OF RHINE, COMMISSIONER OF DRAINAGE.

DRAINAGE.—*Defective Description of Land.*—*Correction of.*—Where the complaint clearly shows the land intended to be benefited, and that the defective description of the land was caused by the mistake of the drainage commissioner, the description may be corrected and the assessment enforced against the land intended.

From the Blackford Circuit Court.

*R. S. Gregory, A. C. Silverburg* and *J. N. Templer,* for appellant.

*W. H. Carroll, G. D. Dean, B. G. Shinn* and *E. Pierce,* for appellee.

ELLIOTT, C. J.—The only question in this case not settled by the decisions in the cases of *Racer* v. *State, etc., ante,* p. 393, and *Curry* v. *State, etc., ante,* p. 439, is that which arises upon the contention of the appellant's counsel that the description of the land assessed is so defective as to make the assessment ineffective.

The description is so radically defective that the assessment can not be enforced unless corrected. A valid description is essential to the validity of an assessment. *Zigler* v. *Menges,* 121 Ind. 99; *Ross* v. *State, etc.,* 119 Ind. 90. This is conceded by the appellee's counsel, but it is insisted that, as the complaint shows that the defect was caused by the mistake. of the drainage commissioner it may be corrected, the description reformed, and the assessment enforced against the

land intended. This position is sustained by the case of *State, ex rel.*, v. *Smith*, 124 Ind. 302. See, also, *Craven* v. *Butterfield*, 80 Ind. 503. We think that the complaint so clearly shows the land intended to be benefited, and shows the mistake in describing it, that the relator was entitled to have the mistake corrected.

Judgment affirmed.

Filed May 19, 1892.