Filed Jan. 24, 1894.

---

No. 1,210.

## SMITH ET AL. *v.* THE STATE, EX REL. ELY.

DRAINAGE.—*Foreclosure of Lien.—Misdescription of Land.—When Description Sufficient to Put Parties Upon Inquiry.—Estoppel.*—Where, in an action to foreclose a drainage lien, the land was described as 443 acres, in reserve 53, township 29 north, range 10 east, whereas, in fact, only about 150 acres of such land lay in township 29, and reserve and range as stated, the remainder lying in township 28 north, reserve and range as above stated, such description was sufficient to put the defendants on inquiry, and they can not plead that they were misled thereby and induced to refrain from remonstrating, and confine the decree alone to the land lying in township 29.

From the Huntington Circuit Court.

*J. B. Kenner* and *U. S. Lesh*, for appellants.
*T. E. Ellison*, for appellee.

LOTZ, J.—In the year of 1883, William Branstrator and others filed their petition, in the Allen Superior Court, asking for the establishment of a ditch to drain their lands. The proceedings were commenced under

the act of April the 8th, 1881 (sections 4273 to 4284, inclusive, R. S. 1881), and resulted in the construction of the ditch for the purposes sought.

The appellants' lands were assessed for the construction thereof. The report of the drainage commissioners described their lands in two separate tracts or parcels.

This action was brought to foreclose the lien on said lands. The complaint was in three paragraphs. The third paragraph, as an incident to the foreclosure, asked for the reformation of the description of one tract contained in said report.

The appellants answered the complaint by the general denial, and by a special answer, as follows:

"And for a second and further answer by all the defendants to the first and third paragraphs of the complaint, defendants say that they are the owners of the land described in the plaintiff's complaint, and they aver that after said petition was filed the court referred the matter to the commissioners, and said commissioners made their report, in which they placed an assessment of benefits for the construction of said work on the following described real estate, belonging to these defendants, to wit: 'All of reserve 53 except 200 acres off the northeast side thereof, in township 29 north, range 10 east.' That said commissioners made their report and filed the same in the Superior Court of Allen county, and that said report only purported to assess benefits against the lands of these defendants in township 29, and these defendants examined said assessment, saw such fact, and, while the number of acres were large, defendants knew that it was impossible to exactly tell how many acres of such reserve lay in township 29, and defendants were informed and believed that the amount of the assessment was largely in excess of the actual amounts of assessments, and defendants aver that they were led to believe, and

did believe, that their lands only lying in township 29 were assessed, and they further believed this from the fact that the whole of said land was not benefited, to wit: 'All of the lands in said reserve 53, lying south of the line dividing Union and Jackson townships were not in any manner benefited.'

"They further aver that had said report of said commissioners reported benefits in the south part of said reserve 53, they would have remonstrated against said report; but believing and seeing by the report that it was not so assessed, they acquiesced in the report.

"Wherefore they aver that they were misled by such report, and deprived of their rights.

"Wherefore they pray that said decree confine the lien to the lands in township 29, in reserve 53, and none other, and for all further and proper relief."

To this answer a demurrer was filed and overruled, and a reply being filed, the issues joined were tried by the court, and resulted in a finding and judgment for appellee.

The only assignment of error discussed by counsel is, that of overruling the motion for a new trial.

On the trial of the cause, the appellants produced seven witnesses, whose testimony tended to show that the lands in Union township, being the south part of reserve 53, in township 28, were not benefited by the drain and could not be drained by it. After this evidence had been given, the appellee moved to strike it all out. This motion was sustained. This ruling is one of the causes assigned for a new trial.

On a former appeal of this cause in the Supreme Court, *State, ex rel., v. Smith*, 124 Ind. 302, that court said: "Whether the appellee may controvert the validity of the assessment, upon the ground that she was mis-

led by the description, or whether she may interpose other defenses, we do not decide."

Appellants insist, if we understand their contention, that they were misled by the description as contained in the report of the drainage commissioners, and that one of the methods of showing this is to prove that the lands were not benefited by the drain.

Conceding, without deciding, this question, we do not see how the appellants were injured by the ruling of the court in striking out the evidence bearing upon the lands benefited; for the undisputed evidence in the case, as shown by the report of the commissioners, is that appellants' lands were assessed in two tracts, one as follows: "All of reserve 53 except 200 acres off the northeast side thereof, township 29, range 10; 443 acres; $4,900." The second, "East half of 200 acres off the northeast side of reserve 53, township 29, range 10; 100 acres; $1,100."

The undisputed evidence further shows that reserve 53 lies part in township 29 and part in township 28. Of the 443 acres contained in the first above described tract, only about 150 acres lay in township 29, and the remainder lay in township 28.

The appellants, or their ancestors, were notified by the report, that under the first description, 443 acres were assessed benefits in reserve 53. They knew they had only 150 acres in township 29. This description was sufficient to put them upon their inquiry, and we do not see how they were misled and induced to refrain from remonstrating.

There is no available error in this ruling of the court. The other causes for a new trial relate to matters largely in the discretion of the court. We have examined each of them, and find no reversible error.

Judgment affirmed, at costs of appellants.

Filed Jan. 26, 1894.