Reinhard, J.
The appellant is the owner of a lot in the city of Indianapolis. The appellee was the contractor for certain street improvements on account of which an assessment was placed against the appellant’s property. The appellee brought an action to foreclose the lien asserted by him as such contractor, by reason of the said improvement and assessment. There was no appearance to the action by the appellant, and judgment was rendered against her by default. Subsequently the appellant sought to have the default and judgment set aside, but the court overruled her application. He apjiealed to the general term of the superior court, where the judgment of the special term was affirmed.
The assignment of errors, both in this court and in the superior court call in question:
1. The sufficiency of the complaint.
2. The correctness of the court’s ruling in denying the motion to set aside the default.
The appellee’s learned counsel insist that no question is raised as to the sufficiency of the complaint, because the appeal is not from the decree rendered on default of the appellant, but from the ruling of the court in refusing to set aside the judgment by default. We do not regard this position as tenable.
We think it is now settled that an appeal lies from a judgment by default. Baldwin v. Humphrey, 75 Ind. 153; Old v. Mohler, 122 Ind. 594.
It is, of course, not disputed that an appeal may W *691 taken from the judgment of the court refusing to set aside the default.
It may be possible that separate appeals are necessary in such a case, but as to that we do not decide anything. But if that be the true practice, some objection must be taken, it seems to us, to the assignment of errors, as for a misjoinder. No such objection has been interposed, and both assignments stand. The appeal is, therefore, as much from the judgment by default, as it is from the ruling upon the motion to set aside the judgment by default. We have no more right to disregard it in the one case than in the other.
The confusion arising, in such cases is, doubtless, attributable to the questionable practice of allowing an appeal at all from a judgment by default, where no effort has been made in the lower court to set the same aside. Elliott’s App. Proced., section 334.
But this we have no power to remedy.
We, therefore, regard the question of the sufficiency of the complaint as properly before us. When the appeal is from a judgment taken by default, the rule that the complaint will be held sufficient unless there is an entire failure to state a cause of action does not apply. The rule appears to be, in such cases, that if the complaint is not such as would withstand a demurrer it may be first assailed by an assignment of errors in this court. Elliott App. Proced., section 475, and cases cited; Cleveland, etc., R. W. Co. v. Tyler, 9 Ind. App. 689.
In such a case the defects in the complaint can not be said to be cured by the verdict or finding, for the ample reason that no trial has been had.
The first objection urged to the complaint is that neither the assessment roll nor a copy thereof is made a part of or filed as an exhibit with the complaint. It is claimed on behalf of appellant that the assessment is the *692 foundation of the cause of action, and therefore an imperative requirement of the statute is that it, or a copy of it, be made a part of the complaint.
The law under which the alleged assessment was made is what is usually known as the city charter of Indianapolis. Acts 1891, p. 180, section 82.
Section 77 of said act provides for the making out of an assessment roll with the names of the property-holders and description of the property adjoining the place of the proposed improvement, which roll shall also have set opposite each name and description the total pro rata assessment against each piece of property. When completed the assessment roll shall be delivered to the head of the department of finance. Acts 1891, p. 177.
By section 78 it is made the duty of the department of finance, whenever the Board of Public Works shall approve and accept the entire work under any contract, and allow a final estimate therefor, to forthwith deliver to the treasurer a certified copy of the assessment roll, which shall be known as the local assessment duplicate, upon which assessments shall be extended, much as taxes are extended upon the tax duplicate. Acts 1891, p. 177, supra.
It is apparent from these provisions that the appellee’s lien, if he have any, is based upon the assessment roll. We are of opinion that a copy of the assessment roll, or at least that portion of it which relates to the appellant’s property, should have been made an exhibit of the complaint. Gossett v. Tolen, 61 Ind. 388; Busenbark v. Etchison Ditching Assn., 62 Ind. 314; Boatman v. Macy, 82 Ind. 490; McCarty v. Burnet, 84 Ind. 23; Crist v. State, ex rel., 97 Ind. 389; Neiman v. State, ex rel., 98 Ind. 58; State, ex rel., v. Myers, 100 Ind. 487; Laverty v. State, ex rel., 109 Ind. 217.
Appellee’s learned counsel contend that a different rule obtains in cases of foreclosure of liens for street im *693 provement assessments from that governing the enforcement of liens for ditch assessments or mechanics’ liens, the class of cases embraced in the foregoing citations. We are unable-to draw any distinction in principle between the rules governing this point in the different classes of cases mentioned. If the assessment be the foundation of the action in the foreclosure of a lien for a drainage assessment, and if it be necessary to file such assessment or a copy thereof as an exhibit with the complaint, we can see no good reason why the same should not be required in an action to foreclose a lien for a street improvement assessment. Indeed, the Supreme Court has decided that all such cases are analogous and that, in the respect mentioned, they are governed by the same rules. Van Sickle v. Belknap, 129 Ind. 558.
In the case at bar, the foreclosure of the lien was the only relief sought. Without an assessment at least prima facie valid, the appellee would not be entitled to the relief asked, and consequently to no relief whatever. Without the assessment roll, or a copy thereof, as an exhibit, the complaint would be insufficient upon demurrer, and hence it is also insufficient when tested in the manner here adopted.
Other defects pointed out may be corrected in another trial, and need not be further considered at present. It is proper to say, however, that we do not regard the complaint as defective for failing to allege a demand upon the appellant for the money before suit. In such cases it may be the part of moral honesty and fair dealing that the contractor should request payment of the property-owner before subjecting him to the payment of unnecessary costs and attorney’s fees, but without a statute the law makes no such requirement of the contractor. The legal presumption is that the owner, if he has had the notice which is necessary to fix the lien, *694 knows as well as does the contractor when the debt is due. The wisdom and expediency of requiring the contractor to give some notice to the owner that the debt is due, or to request payment thereof, before suit, are for the legislature, and not for the courts to determine.- -
Filed Jan. 31, 1895.
Judgment reversed.